Earl GRIFFITH, Appellant,

v.

Rafael SAAVEDRA and William Schinderle, Respondents.

No. 51936.

Supreme Court of Missouri, Division No. 1.

Dec. 30, 1966.

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for appellant.

James A. Cole, Jenny, Cole & Davis, Union, for respondent, Saavedra.

HOUSER, Commissioner.

Earl Griffith sued two defendants for $50,000 damages alleged to have been sus-

tained as a result of an automobile collision. There was a defendants' verdict. Plaintiff has appealed.

The sole question on appeal is whether the court erred in giving Instruction No. 11 offered on behalf of the defendant Saavedra. No. 11 was given as a converse to Instruction No. 6, offered on behalf of plaintiff. Both are reproduced for purposes of comparison:

| Instruction No. 6 | Instruction No. 11 |
| --- | --- |
| "Your verdict must be for plaintiff and against the defendant Saavedra if you believe: | "Your finding must be for defendant Saavedra on plaintiff's claim for damages under Instruction No. 6 unless you believe: |
| "First, plaintiff was in a position of immediate danger of being injured and was injured, and | "First, defendant Saavedra knew, or by using the highest degree of care could have known, of plaintiff's position of immediate danger, and, |
| "Second, defendant knew or by using the highest degree of care could have known of such position of immediate danger, and | "Second, at the moment when defendant Saavedra first knew, or by using the highest degree of care could have known, of plaintiff's position of immediate danger, defendant Saavedra then had enough time by using such care to have avoided injury to plaintiff by slackening the speed and swerving to the left, and |
| "Third, at the moment when defendant first knew or could have known of such position of immediate danger, defendant still had enough time so that by using the means available to him and with reasonable safety to himself and all others and by using the highest degree of care he could have avoided injury to the plaintiff by slackening his speed and swerving to his left, and | "Third, defendant Saavedra had the means available to him to have avoided injury to plaintiff by slackening the speed and swerving to the left, and |
| "Fourth, defendant negligently failed to so slacken his speed and swerve to his left, and | "Fourth, defendant Saavedra by using the highest degree of care could have avoided injury to plaintiff by slackening the speed and swerving to the left without either endangering himself or others, and |
| "Fifth, such negligence directly combined with the acts of defendant Schinderle to cause injury to plaintiff. MAI NO. 17.14 (Plaintiff)" | "Fifth, plaintiff sustained damage as a direct result of defendant Saavedra's conduct. MAI 29.06 (6) Modified (Defendant Saavedra)." |

Plaintiff contends that the finding required in paragraph fifth of Instruction No. 11 misled the jury into believing that before plaintiff could recover the jury must have believed that Saavedra's conduct was the *sole and only* cause of plaintiff's injuries; that lay minds would almost inevitably understand that by the phrase "a direct result" the court meant that Saavedra's conduct must have been the *sole* proximate cause of plaintiff's injuries, and that the language used in paragraph fifth is not applicable in submitting a case against two defendants on a theory of combined and concurring negligence. Citing cases holding that the negligence of one of two codefendants need not be the sole proximate cause of plaintiff's injuries to make the one liable therefor; that the one may be liable if guilty of negligence contributing or concurring with that of another to produce the injury, and that to say that an injury is the direct result of certain negligent acts is to say that the acts were the proximate cause of the injury, plaintiff contends that Instruction No. 11 incorrectly states the law and was prejudicially erroneous.

■ We find no fault with Instruction No. 11. Its author followed MAI No. 29.06 (6), as modified to meet the requirements of the text of MAI at page 247 and to comply with the example (Instruction No. 7) on page 277. As thus modified Instruction No. 11 is sufficient under the circumstances of this case. Under Civil Rule 70.01, V.A. M.R. he was required to conform to MAI. If he had deviated from MAI to the prejudice of plaintiff, he would have violated the rule and committed error. The forms of instructions contained in MAI must be utilized when applicable and unnecessary deviations will not be permitted. Motsinger v. Queen City Casket Co., Mo.Sup., 408 S.W.2d 857 (decided December 12, 1966).

■ Instruction No. 11 is not misleading. It refers to and must be read in connection with Instruction No. 6. Read together they state the law and do not violate the holdings of the cases cited by plaintiff. Reading them together the jury was told that plaintiff could recover if he sustained damage as a direct result of defendant Saavedra's negligence in combination with the acts of the defendant Schinderle; that is, that plaintiff could recover against Saavedra if the latter's negligence was *a* proximate cause, and was not told that Saavedra's negligence must be the *sole* proximate cause. In a comparable situation this Court said "The instructions, when read together, were proper and could not have been misunderstood by the jury." Applebee v. Ross, Mo.Sup., 48 S.W.2d 900, 902 [4], 82 A.L.R. 288.

■ Nor does the phraseology "on plaintiff's claim for damages" appearing in the introductory paragraph authorize a verdict on both primary and humanitarian negligence, in violation of the rule in Sauer v. Winkler, Mo.Sup., 263 S.W.2d 370, as contended by plaintiff. Again, this very language is prescribed by MAI, page 277, in the example (Instruction No. 7). The words "under Instruction No. 6" immediately following the words "on plaintiff's claim for damages" are required by MAI at page 249, wherein the bar is advised that "If plaintiff submits on both primary and humanitarian negligence [as plaintiff did in this case], the above converse instructions would be modified by adding the words 'under instruction (*here insert the number of the instruction being conversed*).' These words should be added after the word 'damages' or if that bracketed clause is not used the words should be added after the first 'defendant.'" The same admonition appears at page 253.

Accordingly, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.