William R. SNYDER, Jr., Appellant,

v.

CHICAGO, ROCK ISLAND & PACIFIC
RAILROAD COMPANY, a corpo-
ration, Respondent.

No. KCD 26245.

Missouri Court of Appeals,
Kansas City District.

March 3, 1973.

Rehearing Denied March 31, 1975.

162

Gage, Tucker, Hodges, Kreamer, Kelly & Varner, by William L. Turner, Myron S. Silverman, Kansas City, Terry, Stewart & Negaard, by Jack C. Terry, Independence, Lehmberg, Bremyer, Wise, Jones & Hopp, by John K. Bremyer, McPherson, Kan., for appellant.

James & McCanse, David R. Odegard, J. Michael Joy, Kansas City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The plaintiff brought an action against his employer railroad company under the Federal Employers' Liability Act for heart damage alleged to have resulted from the failure of the employer to furnish him with a safe place to work, safe tools and sufficient help. The jury returned a verdict for the defendant and plaintiff appeals.

The plaintiff was a foreman in charge of a maintenance crew, a position which did not normally require him to do heavy lifting or strenuous physical work. The defendant had made improvement by the

replacement of a stretch of track with heavier rail, so the plaintiff was directed by his supervisor to collect one such discarded rail and move it to another site. That particular rail was 39 feet long and weighed 1495 pounds. The normal complement of the crew assigned to plaintiff was eight men, but for numerous reasons only four men—ranged in age from 17 to 61 years—were working at the time of the event in question.

The plaintiff and his crew proceeded to the work-site where they found the rail in a ditch near an auxiliary track. The crew maneuvered the rail onto the middle of the track. Then, by means of a railroad tie at one end of the rail and jacket at the other, they raised the rail onto a push car [a four-wheeled vehicle with a surface length of some six and one-half feet] which stood about thirty inches above the surface of the track. After the support of the tie and jack were removed, the crew pushed the cart under the rail until it would move no further. At this point, the plaintiff and another of the crew positioned themselves at the extended end of the rail and pushed upward while three men pushed against the cart in such a manner as to induce the rail to tip over upon it. On the third effort, the crew succeeded. As the plaintiff was pushing up on the rail on this final effort, he felt a cutting pain in his lower chest, felt nauseated, had difficulty breathing and reeled as though drunk.

On this appeal, the plaintiff asserts numerous errors for reversal. The respondent contests these assertions but contends further that even if reversible error was committed, the judgment cannot be affected because the plaintiff failed to make a submissible case. The specific contention is that plaintiff failed to prove medical causation in that the opinions of his physicians, Doctors Pierson and Stoesz, the only testimony on that issue in the case, were framed on an hypothesis unsupported by the evidence. Both physicians found a causal

relationship between the strenuous effort involved in *lifting* the rail and the cardiac injury. These opinions were given in response to hypotheticals which posed a state of facts which assumed that plaintiff and one co-worker exerted themselves against the weight of the rail by a *lifting* movement. The respondent argues that the hypotheticals misspeak the evidence of the plaintiff that the three other crewmen were thrusting forward on the push car while plaintiff was only easing their effort by pushing upward on the rail, so that all five men, and not plaintiff and co-worker alone, exerted themselves against the weight of the rail; and, whereas the questions assumed that plaintiff actually lifted the rail, his testimony was that he pushed the rail upward.

■■ Hypothetical questions should be framed on the proof and must not assume facts not in evidence. Hamilton v. Slover, 440 S.W.2d 947, 955[9] (Mo.1969). A medical opinion of causation given in response to a hypothetical unsupported by or in contradiction of the evidence, is incompetent on the issue. Schears v. Missouri Pacific Railroad Company, 355 S.W.2d 314, 321[7, 8] (Mo. banc 1962).

■ It is, as respondent contends, that the medical opinions were based upon the amount of exertion by the plaintiff while loading the rail, but the hypotheticals posed did not misrepresent that effort. Each of the questions assumed that three men were pushing on the cart while plaintiff and another exerted pressure on the rail. The meaning is clear enough: all five men were engaged in a wedging effort to topple the rail onto the cart. As to the other contention, to condemn the medical opinions which found causation between *lifting* and the injury rather than from a *pushing upward*, the movement described by the plaintiff, would be—in the context of all the evidence—to succumb to semantical flummery.

The plaintiff submitted his cause of action by Instruction No. 6 [MAI 24.01]:

Your verdict must be for the plaintiff if you believe:

First, defendant failed to provide reasonably adequate help, and

Second, defendant was thereby negligent, and

Third, such negligence *directly resulted in whole or in part in injury* to plaintiff, William Riley Snyder. (Emphasis supplied.)

The defendant conversed this submission by Instruction No. 7 [MAI 33.03(5), 33.-04(4)]:

Your verdict must be for defendant unless you believe that defendant was negligent and that plaintiff *sustained damage as a direct result thereof*. (Emphasis supplied.)

The plaintiff contends that Instruction No. 7, given by the defendant as a converse of the causation and damage elements of the verdict director, does not conform sufficiently to the language of that submission—in that the ·converse substitutes *damage* for *injury* and omits altogether the phrase *in whole or in part*—and for these reasons is prejudicially erroneous.

 Our procedures allow a defendant the unqualified right to converse the verdict director of the plaintiff [Borgstede v. Waldbauer, 337 Mo. 1205, 88 S.W.2d 373, 377[11–13] (banc 1935)] by one of the three methods shown by the MAI 33.01 general comment. The defendant adopted the second method which requires no independent evidence for support but merely converses propositions submitted in the verdict director. The risk of non-persuasion of these propositions remains on the plaintiff and for that reason the language of the converse must conform substantially to the language of the verdict director. MAI 33.01, Converse Instructions—General Comment; Plas-Chem Corporation v. Solmica, Inc., 434 S.W.2d 522, 528[7] (Mo. 1968). A second method converse, faithful to the requirement of MAI 33.01 for substantial conformance to the proposition of the verdict director, would have submitted:

Your verdict must be for the defendant unless you believe that defendant was negligent, and that such negligence *directly resulted in whole or in part in injury to plaintiff*.

Instead, the converse [Instruction No. 7] actually submitted:

Your verdict must be for defendant unless you believe that defendant was negligent and that *plaintiff sustained damage as a direct result thereof*.

The defendant concedes these discrepancies, but contends that they do not misdirect the law and therefore are mere inadvertences without prejudice to the plaintiff. The requirements and directions of MAI are mandatory, however, and deviation is presumed prejudicial unless the proponent of the instruction can establish that no prejudice could have resulted from the departure. Brown v. St. Louis Public Service Company, 421 S.W.2d 255, 259[3] (Mo. banc 1967); Gormly v. Johnson, 451 S.W.2d 45, 47[2] (Mo.1970). In the determination of whether the deviation from MAI has resulted in misdirection, the verdict director and the converse are to be read together. Griffith v. Saavedra, 409 S.W.2d 665, 667[2] (Mo.1966). The legal sufficiency of an instruction for which an MAI pattern has not been prescribed is to be determined according to whether the meaning can be understood by a jury of ordinarily intelligent laymen. Wims v. Bi-State Development Agency, 484 S.W.2d 323, 325[3] (Mo. banc 1972).

 The verdict director submitted a cause of action under FELA[1] which al-

---

1. The verdict director was on the model of MAI 24.01 which is designed under FELA [45 U.S.C. § 51] and which provides that an employer under the Act shall be liable "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or· employees".

lows a plaintiff a recovery upon proof that the negligence of the defendant caused in any part, even the slightest, the injury for which the damages are sought. Wilmoth v. Chicago, Rock Island and Pacific R. Co., 486 S.W.2d 631, 634[4, 5] (Mo.1972); Rogers v. Missouri Pac. RR., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). The defendant concedes that under the principles of these decisions had Instruction No. 6, the verdict director, omitted *in whole or in part* from the jury charge, misdirection and prejudice to the plaintiff would have resulted, but contends that since plaintiff fully argued that causation element to the jury, they could not have been misled by the omission of that phrase from the converse instruction. The instructions of the court, however, are the only directions of law which a jury is bound to follow; they may ignore the arguments of counsel altogether. R–Way Furniture Company v. Powers Interiors, Inc., 456 S.W.2d 632, 640[15] (Mo.App. 1970). Accordingly, a misdirection of law is a prejudice which argument of counsel cannot cure. Robinett v. Kansas City Power & Light Company, 484 S.W.2d 506, 510[3] (Mo.App.1972).

▮▮▮▮ Instruction No. 7 is faulty as a [second method] converse because it imposes upon the plaintiff a legal theory of causation different and more burdensome than the submission of that proposition in the verdict director. It allows the plaintiff recovery only if his damage was a *direct result of* rather than *in whole or in part from negligence* and thus requires proof of common law proximate cause, the very standard FELA [and the verdict director] abrogates. Rogers v. Missouri Pac. RR., 352 U.S. 500, 506[6–8], 77 S.Ct. 443, 1 L. Ed.2d 493 (1957). In a conventional case of actionable negligence, the conduct causing harm to another must be a substantial factor in bringing about the injury. In a FELA action, on the other hand, only slight negligence need be shown, so that the risk of non-persuasion is much less than required for recovery in an ordinary negligence action. Boeing Co. v. Shipman (5th Cir. 1969), 411 F.2d 365, 371[4]. " 'This has been said to reduce the extent of the negligence required, as well as the quantum of proof necessary to establish it, to the "vanishing point." ' " Rickets v. Kansas City Stock Yards Co. of Maine, 484 S.W.2d 216, 221[3] (Mo. banc 1972). Instruction No. 7 casts upon the plaintiff a heavier risk of non-persuasion than his theory of recovery requires, and thus is a positive misdirection of law.

▮▮▮▮ The converse, Instruction No. 7, is a rescript of MAI patterns 33.03(5) and 33.04(4). MAI 33.03(5) converses the damages and causation elements of MAI 17.01, a single negligent act submission. MAI 33.04(4) converses the damages and causation elements in MAI 17.02, a multiple negligent act submission. These patterns, framed to converse the common law submissions of proximate cause, are inappropriate in FELA submissions. See Ricketts v. Kansas City Stock Yards Co. of Maine, *supra*, l. c. 222[4–6]. The test of the propriety of a second method converse instruction is not that it conforms to a given pattern, however extraneous, but that it be prefaced: *unless you believe* followed by one or more propositions submitted by the verdict director and *in substantially the same languge used in the verdict director*. MAI 33.01 Converse Instructions—General Comment; Brewer v. Swift & Company, 451 S.W.2d 131, 133[1] (Mo. banc 1970); Frogge v. Nyquist Plumbing and Ditching Company, 453 S.W.2d 913, 917[6] (Mo. banc 1970). The failure of defendant to comply with this mandatory requirement was error and the confusion and misdirection which resulted were prejudicial to plaintiff.

We need not determine whether Instruction No. 7 was prejudicial for the additional reason ascribed, that defendant improperly substituted *injury* in the converse for *damage* in the verdict director. On the retrial, the defendant will doubtless heed the

mandatory requirements of MAI 33.01 as they affect this particular as well.

The judgment is reversed and remanded for new trial.

All concur.