Marjorie J. CONGER and Virgil Conger, Plaintiffs-Respondents,

v.

QUEEN CITY FOOD & VENDING, INC., and Charles E. Goss, Defendants-Appellants.

No. 10829.

Missouri Court of Appeals, Southern District, Division One.

Nov. 9, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 30, 1979.

Application to Transfer Denied Jan. 15, 1980.

Nicholas R. Fiorella, Springfield, for plaintiffs-respondents.

Glenn A. Burkart, F. Bennett Lilley, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendants-appellants.

TITUS, Presiding Judge.

In the early morning hours of November 5, 1974, plaintiff Marjorie Conger figured in a vehicular collision involving at least two automobiles and two trucks. The casualty occurred on U.S. Highway 65 as it crosses over Lake Springfield, near the southernmost edge of Springfield, Greene County, Missouri.

Plaintiffs Marjorie and Virgil Conger (wife and husband) brought suit in three counts in Circuit Court of Greene County, seeking recovery for plaintiff wife's personal injuries, medical expenses and loss of consortium by her husband, and for physical damage to their automobile. The theory of recovery submitted to the jury was that defendant company and its agent/driver, defendant Charles Goss, either failed to keep a careful lookout, or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, but defendant driver failed to do so. The jury returned a verdict for defendants on counts I and II (plaintiffs withdrew their claim for property damage to their automobile). Thereafter, the trial court granted plaintiffs' motion for new trial on the ground that the giving of Instruction No. 4 was erroneous. Defendants appeal, seeking reinstatement of the jury's verdict. We affirm and remand.

Defendants' second point relied on in this appeal, which we discuss first, is that the trial court fell into error by granting plaintiffs a new trial. The new trial was granted because "Instruction 4 and its form were confusing, misleading and erroneous under the facts in this case . . . and prejudicial as to each plaintiff." Instruction 4 is a converse of plaintiffs' two verdict directing instructions. These verdict directing instructions, with the husband's derivative charge shown in brackets, are:

"Your verdict must be for plaintiff, Marjorie Conger [Virgil Conger], against both defendants if you believe:

First, Charles Goss either: failed to keep a careful lookout, or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, but he failed to do so, and

Second, Charles Goss' conduct, in any one or more of the respects submitted in paragraph First, was negligent, and

Third, as a direct result of such negligence, plaintiff Marjorie Conger sustained damage [this plaintiff's wife, Marjorie Conger, was injured and plaintiff thereby sustained damage]."

Defendants' converse instruction, which is labeled by defendants as being MAI 33.-04(3), is as follows:

## "INSTRUCTION NO. 4

Your verdicts must be for defendants unless you believe that plaintiffs sustained damage as a direct result of defendants' negligence." (emphasis supplied).

Discussion of the changing of "defendant" and "plaintiff" in Instruction 4 to the plural form will be discussed below.

 As has been held by the courts of this state on many occasions, "All deviations from the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of MAI are mandatory. The burden of establishing nonprejudice is on the proponent of the instruction." *Murphy v. Land*, 420 S.W.2d 505, 507[4–6] (Mo.1967); *Gormly v. Johnson*, 451 S.W.2d 45, 47[2] (Mo.1970); *Long v. REA Express Co.*, 573 S.W.2d 62, 66[6] (Mo.App.1978); *Snyder v. Chicago, Rock Island & Pacific Railroad Co.*, 521 S.W.2d 161, 164[6] (Mo.App.1973); *Siteman v. Woodward-Clyde & Associates, Inc.*, 503 S.W.2d 141, 145[1] (Mo.App.1973). "It must be recognized . . . that a system of instruction such as MAI is inherently standardized and inflexible. . . . [W]e must insist that mandatory directions be followed and that the pattern instructions be used as written." *Brown v. St. Louis Public Service Company*, 421 S.W.2d 255, 257–258 (Mo.banc 1967).

Given these clear directives to guide us in our scrutiny of an instruction complained of on appeal, we now seek answers to the questions of whether Instruction No. 4 was a deviation from MAI and, if so, how did defendant attempt to shoulder the burden of proving that the nonconforming instruction was not prejudicial?

Instruction No. 4 clearly deviated from MAI in that it changed from singular to plural the parties (plaintiff*s* and defendant*s*) in the instruction given in MAI 33.04(3) (see emphasis supplied in Instruction No. 4, supra). The import of this change, keeping in mind *any* deviation is presumed prejudicial (see *Murphy v. Land*, supra), will be discussed below.

Defendants assert, by way of demonstrating nonprejudice, in their second point relied on, that Instruction No. 4 (1) "was not confusing, misleading or erroneous," (2) "it was in form consistent with instruction No. 5 of MAI 35.05, differing therefrom only in that it conversed causation, rather than negligence," and was therefore (3) "in form consistent with MAI 33.04(3)", and (4) "instruction No. 4 was in form consistent with MAI 18.01, because the agency of [the driver of the defendant company's truck] was stipulated and was, in fact, proved by [defendants]".

 A bare assertion that an instruction is "not confusing, misleading or erroneous" is, of course, not persuasive. MAI 18.01,

entitled "Verdict Directing—Agency in Issue—Modification Required", with its accompanying Notes on Use, gives instruction for use when agency is an issue at trial; when attempted to be proven or disproven by each party. Such is not the case here. Agency was stipulated by the parties. Its appearance as an issue on appeal, in defense of the use of a conversing instruction, is inapposite. The first and fourth averments in defendants' second point relied on will not be considered further.

■ Defendants assert that Instruction No. 4 was in form consistent with MAI 35.05(5) and therefore it was not confusing, misleading or erroneous. Upon careful perusal of MAI 35.05(5), two damnifying distinctions are apparent. First, MAI 35.05(5) uses the "if you do not believe" introduction, with the attendant focus shifting to the actions of the defendant (negligence) where Instruction No. 4 uses the "unless you believe" introduction, with accompanying focus shifted to the plaintiffs and the damages allegedly sustained by them. The second distinction is the fact that MAI 35.-05(5) names "John Doe and Mary Doe" whereas Instruction No. 4 merely names "plaintiffs," a factor to be discussed below in contemplation of defendants' third assertion of nonprejudice.

Defendants assert that Instruction No. 4 is in form consistent with MAI 33.04(3). Save for the changing of plaintiff and defendant to the plural form, this is true. However, this is the very point at which defendants fall into error. It is the explication of this point upon which our decision to affirm the order of the trial court is based.

By way of mise en scène, and before scrutiny of this final point, it is well to state the oft-repeated standards by which we view the sufficiency of jury instructions on appeal. Our commencement is with Rule 70.02(c), V.A.M.R.,[1] where we are told in pertinent part that "[t]he giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined."

■ In making our determination of the potentially prejudicial effect of an instruction, and in order to determine whether the deviation from MAI has resulted in misdirection, the verdict director and the converse are to be read together. *Griffith v. Saavedra*, 409 S.W.2d 665, 667[2] (Mo.1966); *Snyder v. Chicago, Rock Island & Pacific Railroad Co.*, supra, 521 S.W.2d at 164[7]. Further, our judicial eye is to be focused on whether, as read together, the verdict director and converse instruction may be understood and applied by a jury of ordinarily intelligent laymen. *Wims v. Bi-State Development Agency*, 484 S.W.2d 323, 325[3] (Mo. banc 1972); *Apex Oil Company v. Beldner*, 567 S.W.2d 336, 339[3] (Mo.App. 1978); *Snyder* at 164[8].

■ We hold that Instruction No. 4, which read, "Your verdicts must be for defendants unless you believe that plaintiff s sustained damage as a direct result of defendants' negligence", could be read by a jury of ordinarily intelligent laymen to mean that the verdicts must be for defendants unless they believed *both* plaintiffs sustained damage. This is clearly not the law in Missouri and thus this instruction may have been confusing and misleading, thereby introducing prejudicial error into the trial.

■ While it is true that the court should not be hypertechnical in requiring grammatical perfection or any particular arrangement or form of language, *Bartleman v. Humphrey*, 441 S.W.2d 335, 348[25] (Mo. 1969); *Wims v. Bi-State Development Agency*, supra, 484 S.W.2d at 325[3]; *Sabbath v. Marcella Cab Co.*, 536 S.W.2d 939, 943[13] (Mo.App.1976), it is clear that changing "plaintiff" to the plural form did not constitute a mere technicality. Rather, this change resulted in the jury being required to believe more facts and elements than are essential to recovery for one or both plaintiffs. It erroneously required a finding that both plaintiffs sustained damage as a condition precedent to recovery by either. *Long v. REA Express Co.*, supra,

---

1. References to rules are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

573 S.W.2d at 67[8]. Averment by defendants that they were merely conversing the single element of causation (thereby justifying the single converse instruction) does not mitigate the confusion inherent in the wording of Instruction No. 4. This prejudice is not palliated by a "causation centered" argument by defendants during closing. Misdirection of law is a prejudice which argument of counsel cannot cure. The jury may ignore arguments of counsel altogether. *R–Way Furniture Company v. Powers Interiors, Inc.,* 456 S.W.2d 632, 640[15] (Mo.App.1970); *Snyder,* supra, 521 S.W.2d at 165[9, 10]. Defendants' second point is denied.

Finally, we find that defendants had open to them an alternative to giving a single converse instruction which would have eliminated the confusion found in Instruction No. 4 and prevented prejudicial error. The rules prohibiting the use of two converse instructions directed at multiple verdict directors do *not* apply where multiple parties relying on the same theory of recovery have damage submissions which differ. A careful conning of MAI Converse Instructions (33.00 through 33.13), and the Notes on Use thereto, when read in juxtaposition with the analysis of this selfsame situation as explicated in *Wyatt v. Southwestern Bell Telephone Company,* 514 S.W.2d 366 (Mo.App.1974), provides guidance for counsel in framing appropriate converse instructions in derivative suits such as the instant case. See also *Burrow v. Moyer,* 519 S.W.2d 568 (Mo.App.1975).

Defendants' first point relied on deals with the sufficiency of the evidence adduced at trial in support of the original jury verdict in favor of defendants and the lack of support by substantial competent evidence for plaintiffs' two verdict directing submissions. We have reviewed the evidence and find that it was sufficient for the making of a submissible case. We have studied the cases cited in support of defendants' first point relied on and find none out of harmony with the theory on which we have ruled this case. Defendants' first point relied on is denied.

We find that the form of defendants' converse instruction was confusing, misleading and erroneous under the facts here.

The order of the trial court granting plaintiffs a new trial is affirmed and the cause is remanded.

All concur.