**Joseph C. TATE, Appellant,**

v.

**Pat Joseph GIUNTA, Respondent.**

No. 52137.

Supreme Court of Missouri,
Division No. 2.

April 10, 1967.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for appellant.

John C. Russell, Kansas City, for respondent.

DONNELLY, Judge.

In this jury-tried action for damages resulting from a vehicular collision in Kansas City, Missouri, which occurred on May 27, 1964, plaintiff Joseph C. Tate received a verdict in the amount of $30,000. Defendant Pat Joseph Giunta filed a motion for new trial which was sustained by the trial court. Plaintiff appealed.

The determinative question is whether the trial court was justified in sustaining defendant's motion for new trial on the ground that the court, on voir dire examination, erroneously denied defendant's challenge for cause of juror Charles A. Blackburn. The record in this regard reads as follows:

"CHARLES A. BLACKBURN, having been previously sworn, testified:

EXAMINATION BY MR. RUSSELL:

Q  Mr. Blackburn. A  Yes, sir.

Q  You stated that you had been injured in—ten years ago, was it?

A  Yes; my back.
 *  *  *  *  *  *

Q  And how long did that back continue to bother you?

A  Well, it's never really cleared up.

Q  Still bothers you on occasion? A Comes and goes. I mean if I lift something wrong, why, I could get—have trouble with it, and I go back to the chiropractor for maybe two or three times and it is all right again.

Q  When was the last time you went to a chiropractor?

A  About a month ago.

Q  Because of this old injury? A  No, I go every so often anyway, I go back for treatment.

Q  Any specific reason that you go back?

A  Oh, if it goes to bothering me a little bit or something I might have a treat-

ment or two and that will be all for quite a while.

Q  That is the reason, then, you are going back to the chiropractor is because of the back? A  Yes.

Q  Well, now, Mr. Blackburn, you feel that the fact you have this back injury that has been—that's lingered on all this time, and if there's evidence in this particular case that the plaintiff has sustained a back injury—

A  That's the reason. I didn't think of it until the last and I didn't have a chance to tell you.

Q  Would that influence your thinking in this case?

A  I don't believe so. I believe I could hear the evidence and weigh it.

Q  You think you could divorce the pain that you have undergone and experienced in your back as completely different or apart from his, or would you associate that in any way?

A  I don't believe I would associate it in any way, because I don't believe you can actually tell what somebody else is doing in pain or something like that.

Q  You don't feel that the back injury that you sustained would in any way influence you? I mean—I'm talking about a hair's breadth now, one way or another. If it would, say so.

A  Well, like I say, you never know for sure, I mean there's nothing positive; you would have to weigh the evidence and everything on a case.

THE COURT: Nobody is asking you to say how you would decide this case. All we want to know is whether you would be influenced by your own experience in any decision.

THE WITNESS: Well, personally I think you would still, would have a small amount, yes, because if you have actually went through something, why, if

you can remember back, why, it stays in your mind.

MR. RUSSELL: I would ask, then, sir, this juror be excused for cause.

\*   \*   \*   \*   \*   \*

EXAMINATION BY MR. BLUMER:

Q The question, as I understand the law anyhow, is whether or not you could hear the evidence that would be developed at this trial, weigh the medical testimony offered on each side, listen to the Court's instructions, and then render a verdict fair and impartially to both sides, absent any feeling that you have already developed favorable to one side or the other. Now, can you do that or not?

A Well, I believe so, but I still think that you still have a little there that you can remember back to something like that.

Q I don't think it is necessary that you be called upon to forget your own experiences because we all carry those with us, even in the jury room, but the question is can you fairly and truly decide the case between these parties based on the evidence.

A I believe so.

\*   \*   \*   \*   \*   \*

THE COURT: I think the sum total of this witness' statements, a very candid statement, that like all of us he has certain things in his experience that makes him understand certain things more than something that he hasn't experienced, but he says that he can judge this case by the evidence that is on the stand and determine it according to that evidence and the instructions of the Court. Therefore, he will remain on the panel."

Defendant's motion for new trial reads in part as follows:

"4. Because the Court erred in overruling Defendant's Motion that juror, Charles A. Blackburn, be discharged for cause during the voir dire (thereby necessitating Defendant using one of his strikes in order to keep this prejudiced juror from serving on the panel) on the grounds that he would have been biased and prejudiced against the Defendant due to his having had a serious back injury of ten years duration, same never having completely healed and, upon his own admission, that the factor of his back having been hurt and the pain still produced from it would enter into and/or affect his thinking and/or judgment in the matter at hand if he were kept on the jury panel, \* \* \*."

The trial court entered the following order: "Defendant's Motion for New Trial is sustained on grounds 4 and 7 of said Motion." We need consider only ground 4 of the motion for new trial on this appeal.

The rules to be considered in our determination of the question presented are well settled. "Trial courts have wide discretion in passing on motions for a new trial where there is error in the record but the power of the trial court to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact." Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 995, 125 A.L.R. 674. Questions concerning the qualification of jurors are "questions of fact and matters affecting the determination of issues of fact," and involve the exercise of a discretionary power. Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643; Moore v. Midlewest Freightways, Inc., Mo.Sup., 266 S.W.2d 578. If the trial court in the exercise of its discretion grants a new trial on a discretionary ground, such discretion will not be interfered with unless abused. Reich v. Thompson, 346 Mo. 577, 142 S.W. 2d 486, 129 A.L.R. 795; Moore v. Midlewest Freightways, Inc., supra. When a motion for new trial is sustained an appellate court will be more liberal in upholding the action of the trial court than when the motion is denied. Reich v. Thompson, supra; Teague v. Plaza Express Co., 356 Mo. 1186, 205 S.W.2d 563.

■ "The right of trial by jury guaranteed by our Constitution, if it is to be worth anything, must mean, as this court has said, 'the right to a fair and impartial jury.'" Lee v. Baltimore Hotel Co., 345 Mo. 458, 463, 136 S.W.2d 695, 698, 127 A.L.R. 711. In Murphy v. Cole, 338 Mo. 13, 19, 88 S.W.2d 1023, 1024, 103 A.L.R. 505, we said: "If for any reason, whether statutory or not, a prospective juror is not in a position to enter the jury box with an open mind, free from bias or prejudice in favor of or against either party to the cause, and decide the case upon the evidence adduced and the law as contained in the court's instructions, he is not a competent juror. * * * Both parties to a lawsuit are entitled to a panel of eighteen qualified men from which to select a jury. * * *"

In Theobald v. St. Louis Transit Co., 191 Mo. 395, 417, 418, 90 S.W. 354, 359, we said: "* * * The question of the qualification of a juror is a question to be decided by the court, and not one to be decided by a juror himself. It is the prerogative and duty of the trial court to exercise a wise, judicial discretion in this regard, and the conclusion of the court should rest upon the facts stated by the juror with reference to his state of mind, and should not be allowed to depend upon the conclusions of the juror as to whether or not he could or would divest himself of a prejudice he admitted existed in his mind. And this is true whether the prejudice exists against either of the parties or against the character of the subject-matter in litigation, or against either of the parties as a class, and not against the party as an individual. It is proper to examine a juror as to the nature, character, and cause of his prejudice or bias, but it is not proper to permit the juror, who admits the existence in his mind of such prejudice or bias, to determine whether or not he can or cannot, under his oath, render an impartial verdict. Such a course permits the juror to be the judge of his qualifications, instead of requiring the court to pass upon them as questions of fact."

■ Plaintiff recognizes that had the trial judge sustained the challenge for cause when made on voir dire examination, such ruling would not be disturbed unless clearly and manifestly against the evidence. However, he questions whether, in considering the motion for new trial, the trial judge may again exercise his discretion and hold that he acted erroneously in the first instance. Plaintiff in effect contends that a trial court, in considering a motion for new trial, may set aside a verdict only when he finds he *abused* his discretion at the trial. We do not agree.

■ Of course, a verdict may not be set aside "without the showing of some legal ground affording proper basis for such action." Kirst v. Clarkson Construction Company, Mo.App., 395 S.W.2d 487, 500. However, we have long recognized that a trial judge is in a better position, than any appellate court could possibly be, to determine whether anything occurred at the trial which interfered with the administration of justice fairly and impartially between the parties. When a trial judge, in the exercise of his discretion, is convinced of his own error, and there is legal ground in the record for such belief, he should grant a new trial. We then interfere only if it appears that he has abused the discretionary power vested in him.

■ The trial judge, in the exercise of his discretion, granted a new trial on the ground that he had erroneously denied the challenge for cause of juror Blackburn. In Rose v. Sheedy, 345 Mo. 610, 134 S.W.2d 18, cited by plaintiff, this Court set aside an order granting a new trial. In the Rose case this Court found an abuse of discretion because on the record there was no legal justification for the action taken by the trial judge. It is not in point. A new trial was granted here on a legal and discretionary ground. The parties agree that plaintiff's complaints at the trial related primarily to back injuries he claims he sustained in the collision. The trial judge concluded that juror Blackburn would have

been influenced by the back injury he had sustained which had "never really cleared up." We find no abuse of discretion on the part of the trial judge in granting a new trial. On the contrary, we think the trial judge did what he should have done when convinced of his own error.

The order granting a new trial is affirmed.

All of the Judges concur.