**UNION ELECTRIC COMPANY, a corporation, Respondent,**

v.

**C. Ray TURNER and Mariana Turner, husband and wife, Appellants.**

No. 25121.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Spencer & Petri, Columbia, for appellants.

Raymond C. Lewis, Jr., Columbia, for respondent.

MAUGHMER, Commissioner.

This is a condemnation suit brought by the Union Electric Company against C. Ray and Mariana Turner. By this condemnation a perpetual easement was established across the defendants' farm so that the Union Electric Company might construct electrical transmission lines. The easement covered a tract 150 feet wide, 2,583 feet long and included 8.89 acres.

Trial resulted in a verdict for defendants in the sum of $6,750.00. The court sustained the company's motion for a new trial on the stated ground that the court erred in refusing to sustain the company's challenge for cause of the juror John Jennings. The defendants have appealed. Did the court err in granting a new trial? That is the only question presented by this appeal.

Inasmuch as the whole appeal has to do with the qualification of the juror John Jennings, we incorporate the pertinent parts of the voir dire examination as it concerns him.

QUESTIONS BY MR. SPENCER. (Attorney for Defendants)

Q. Are any of you presently being represented by the firm of Smith and Lewis in any legal matters, or have you recently or do you regularly call on them for any legal matters? The only reason we would ask this is * * *

A. Yes Sir.

Q. Mr. Jennings.

A. Not represented by them, but as far as I know it is still pending, a workmen's compensation case that they were representing the * * *.

Q. The other side?

Mr. Jennings: The other side.

Q. * * * Now do any of you work—have you ever worked for Union Electric Company? Do you have any close relatives that work for this company? Have you been connected with them in any way that would give you—that would tend to give you a business connection with this company?

A. Yes sir.

Mr. Jennings: I had—they filed a condemnation suit against me approximately three years ago which we later settled out of court.

Q. That was settled out of court.

Mr. Jennings: Yes sir.

Q. Would the fact that you had that case, would it affect your determination in this case? Could you sit and hear the evidence and make a decision from the evidence in this case and from the instructions given by the court?

Mr. Jennings: I feel that I could.

QUESTIONS BY MR. LEWIS (Attorney for Union Electric Company).

Q. Now, Mr. Jennings, you said you had a suit once by Union Electric Company against you. Was it this same kind of a transmission line easement?

A. Yes sir, it was.

Q. And that was settled out of court you say?

A. Yes, it was settled out of court.

Q. Did this occurrence cause you to have any harboring of ill feeling against the company so that you couldn't hear this case fairly and decide it properly?

A. There was some ill feelings at the time but I think that is gone now. I don't feel any effect from it.

Q. All right. Now you also said, and I wasn't aware of this, but you said we were on the other side of a workmen's compensation case with you.

A. Yes sir.

Q. What is the name of your employer?

A. I am the employer.

Q. Oh, I see. Is it a farm policy?

A. A farm policy—I don't know enough about it myself, all I know is that the only contact I have had with you is several letters.

Q. You were hurt on the job while you were working in other words.

A. No, the other employee was working for me. James Smith.

Q. Oh, I see. Well I have not worked on this particular matter. That is why I am so ignorant about this case. Are we on your side or his side?

A. His side.

Q. In other words we are representing your employee who was hurt.

A. That is right.

Q. And you are covered by a workmen's compensation policy?

A. No I am not covered.

Q. I thought you had said previously it was a workmen's compensation case.

A. It is supposed—we are supposed to have a hearing before workmen's compensation.

Q. Oh, I see.

A. Now there is another company involved. There is an amendment to make me primary, where now I am secondary.

Q. Oh, I see. In other words, the company is trying to get out of it and put it on you?

A. Right.

■ This juror Jennings was one of the ten members of the jury which returned the verdict for defendant. Three years before this trial Union Electric had brought an identical suit against him and although it was settled out of court, Mr. Jennings stated that it had caused him to have ill feelings against the company at the time. In addition, the law firm of Smith and Lewis, counsel for Union Electric here, also represented one James Smith, former employee of juror Jennings, in a workmen's compensation claim, and in which case an effort was being made by some unnamed company to have juror Jennings declared to be the primary employer of the allegedly injured workman. This matter was active and pending. We believe the challenge should have been sustained and Mr. Jennings excused.

In the following brief memorandum opinion the court gave its reasons for granting a new trial.

"As to the refusal of the Court to excuse juror John Jennings for cause: Although the trial Court has broad discretion in determining whether or not a juror is qualified to sit in a particular case, and the juror is not to be the judge of his own qualifications, the circumstances may be such that refusal to excuse a juror may be an abuse of judicial discretion. The fact of former condemnation by the very plaintiff involved in this case coupled with the fact of pending litigation (albeit presently before the Workmen's Compensation Commission) in which counsel for plaintiff's firm was an adversary of the juror would lead to the conclusion that the Court abused its discretion in refusing

to excuse said juror for cause. Such an obvious conflict should not subject the juror to further examination on the point, not the Court to the exercise of any discretion therein.

"Accordingly, for error in refusal to excuse juror Jennings for cause, plaintiff will be granted a new trial."

 As defendants' first assignment of error, they state that it was error to grant a new trial "because a court has broad discretion in regard to dismissal for cause and whether a prospective juror should be dismissed is a question of fact." The quoted statement is simply a declaration of a legal principle and we agree with it. Appellants are apparently taking the position that the court decided the question of fact as to the juror's qualification at the time of the voir dire and may not take a second look at the question. The whole purpose of requiring that a motion for new trial be presented prior to an appeal, is to afford the trial court an opportunity to correct any mistakes that were made during the trial. If the court believes or is persuaded that errors on questions of law occurred, it may so rule and if justice requires, grant a new trial. The court may also consider a second time, its rulings on discretionary matters and if it believes its discretion was not wisely exercised and that prejudice to the losing party resulted, may order a new trial. Defendants' first stated assignment of error is denied.

For their second point defendants say there was no issue as to liability, the size of the verdict "does not indicate bias and prejudice and since plaintiff did not peremptorily strike the said juror", it was error to grant a new trial.

The rules to be considered on appeal in ruling upon the action of trial courts in passing upon motions for new trial are well settled and have been often declared:

"The great trend of modern authority is to exclude from juries all persons who

by reason of their business or social relations, past or present, with either of the parties, could be suspected of possible bias, even though the particular status or relation is not enumerated in the statutes declaring the qualifications of jurors and the grounds of challenge. * * *" 31 Am.Jur. 199.

"* * * Trial courts have wide discretion in passing on motions for a new trial where there is error in the record but the power of the trial court to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact. * * *" Schipper v. Brashear Truck Co. (Mo.Sup.), 132 S.W.2d 993, 995; Tate v. Giunta (Mo.Sup.) 413 S.W.2d 200, 202.

 A venireman is not the judge of his own qualifications for jury duty. Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459, 463; Moore v. Middlewest Freightways (Mo. Sup.), 266 S.W.2d 578; Theobald v. St. Louis Transit Co., 191 Mo. 395, 90 S.W. 354, 359. It is axiomatic that trial courts have a wide discretion in passing upon motions for new trial. Masters v. Sun Mfg. Co., 237 Mo.App. 240, 165 S.W.2d 701, 703. As stated in Ryan v. Campbell "66" Express (Mo.Sup.), 304 S.W.2d 825, 827:

"* * * A trial court is necessarily allowed considerable discretion in declaring a mistrial or in granting a new trial on matters which concern issues of fact. (Citing cases.) And, therein, the trial court is vested with a wide discretion in determining whether, in view of the action already taken, the conduct or ruling was prejudicial and substantially influenced the verdict. * * *" (Citing cases.)

See also Moore v. Middlewest Freightways (Mo.Sup.), 266 S.W.2d 578.

 The reviewing courts will be more liberal in upholding a trial court's action in sustaining a motion for new trial than

in sustaining its action in denying such a motion. In Aulgur v. Zylich (Mo.App.), 390 S.W.2d 553, 557, this court said:

"A rule most frequently repeated is that appellate courts are more liberal in upholding a trial court's action in granting a new trial than in denying it. See Stone v. Engler, Mo.Sup., 349 S.W.2d 38 and cases found in Vol. 3, Missouri Digest, Appeal and Error, ☞ 977(3). The reason for this rule which discriminates in favor of grants of new trials is that 'they are not decisive of the case, but only open the way for a reinvestigation of the entire case on its facts and merits.' 5A C.J.S. Appeal and Error, § 1619 p. 136."

See also Girratono v. Kansas City Public Service Co., 272 S.W.2d 278 (Mo.Sup., Syl. 3); Schierloh v. Brashear Freight Lines, 148 S.W.2d 747 (Mo.Sup., Syl. 4); Tate v. Giunta (Mo.Sup.), 413 S.W.2d 200, 202. In this Tate case to which we have just referred, the juror on voir dire disclosed that he had suffered a back injury in an automobile accident and it still bothered him. The case on trial was for injuries sustained in an automobile collision. The Court denied a challenge of the juror for cause but after verdict sustained a motion for new trial for so doing. It was held the new trial was granted on "legal and discretionary grounds" and that the trial judge did not abuse his discretion.

■■ The suggestion is made that the trial court in its memorandum opinion granting the new trial (as set forth above) transformed the issue of juror Jennings' qualification from a question of fact to one of law; that the court said in effect that the juror was so patently disqualified as to divest the court of any discretion and make his dismissal mandatory as a matter of law. In reviewing discretionary acts by trial courts, there is a broad twilight zone where the appellate court will be inclined to affirm the decision of the trial court either way, thereby deferring to the discretion of the judge who saw, heard and conducted

the trial. Only when the evidence is overwhelming that the trial court erred will the appellate court hold there was an abuse of discretion and reverse. Appellants are saying in effect that if a close question of fact is presented then the trial court may exercise discretion and grant a new trial, but if the evidence is so one-sided as to require that the juror be excused, then the fact issue thereby involved becomes one of law and the court is without any discretion in the matter. Our Supreme Court in Tate v. Giunta, supra, at page 202 squarely stated:

"* * * Questions concerning the qualifications of jurors are 'questions of fact and matters affecting the determination of issues of fact,' and involve the exercise of a discretionary power. (Citing cases) If the trial court in the exercise of its discretion grants a new trial on a discretionary ground, such discretion will not be interfered with unless abused. (Citing cases.) When a motion for new trial is sustained an appellate court will be more liberal in upholding the action of the trial court than when the motion is denied. (Citing cases.)"

Appellants on this point rely on Schipper v. Brashear Truck Co., 132 S.W.2d 993. In that case the court granted a new trial on the stated ground that it erred in not giving certain instructions. On appeal it was ruled that the giving or refusal of the offered instructions presented a question of law and not one of fact; that the court did not err as a matter of law in refusing the instructions; that the exercise of discretion was not involved and so the order granting a new trial was set aside. We believe that questions conerning the qualifications of jurors present questions of fact and continue to be questions of fact to the very end, and are therefore subject to the exercise of discretion by the court.

Appellants say there is no issue as to liability in this case and any loss which plaintiff sustained because juror Jennings

was kept on the panel can be cured by a remittitur. They cite Webb v. Missouri-Kansas-Texas R. Co., 342 Mo. 394, 116 S.W.2d 27 in support. In that case the trial court "exercised its discretion and reduced the verdict from $25,000.00 to $10,000.00 by ordering a new trial unless the remittitur was entered." The appellate court in that case affirmed the action of the trial court. In our case the trial court by its granting a new trial exercised its discretion and found prejudice resulted from retaining juror Jennings on the panel. We shall likewise affirm such action.

It is also argued that plaintiff in effect waived its objections to juror Jennings because it did not use one of its peremptory challenges to eliminate him. In support of this contention see the following statement in Kendall v. Prudential Insurance Co. (Mo.Sup.), 327 S.W.2d 174, 178:

"* * * there is substantial authority for holding that a party cannot complain of a challenge for cause if it does not force him to exhaust his peremptory challenges * * *."

So far as the record before us indicates plaintiff did take all of its peremptory challenges and still juror Jennings remained a member of the jury. Our Supreme Court (Moore v. Middlewest Freightways (Mo.Sup.), 266 S.W.2d 578, 586 said:

"* * * The better reasoned cases also hold that where a challenge for cause is erroneously overruled and the challenging party is compelled to use one of the three peremptory challenges allowed him by law to get rid of him, it cannot be said that because the verdict of the jury finally empanelled was unanimous against him, he was not prejudiced. * * *"

This assignment is denied.

That an appellate court will go a long way in affirming the action of a trial court with respect to its rulings on discretionary matters is shown by a study of the case of Ryan v. Campbell "66" Express, supra. There the trial court had granted a new trial for misconduct of counsel. The Supreme Court in its opinion expressed some doubt of its agreement with the trial court if it were determining the question de novo, but nevertheless affirmed and said:

"We are confronted here with two fundamental questions. First, was there any misconduct? Secondly, if there was such, was it prejudicial, considered singly or collectively? And, in determining each of these questions, we may not ignore the discretionary powers of the trial court, and we may reverse only if we consider that such discretion has been abused. * * *"

\* \* \* \* \* \*

"* * * We are affirming the ruling because we feel that the trial court had and has the right, based on the conduct specified, and in the exercise of a duty to see that justice is done, to find that plaintiff was deprived of a fair trial. It has so found."

In our case we agree, based upon the record that juror Jennings should have been excused. We believe the trial court acted in the exercise of discretion and we do not find that such discretion was abused.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.