**Jack ABSHIRE and Lorene Abshire, Appellants,**

v.

**NORDSON CORPORATION, Respondent.**

No. 47561.

Missouri Court of Appeals, Eastern District, En Banc.

Jan. 22, 1985.

Order Feb. 19, 1985.

Application to Transfer Denied April 30, 1985.

James Joseph Hennelly, St. Louis, for appellants.

Joseph H. Mueller, St. Louis, for respondent.

SMITH, Judge.

Plaintiffs appeal from a jury verdict against them in a products liability case. Plaintiff-husband sustained serious injuries as the result of a fire at his place of employment. Wife sought damages for loss of consortium. Plaintiffs brought suit against defendant Nordson Corporation, the supplier of electrostatic paint spraying equipment, and Don V. Davis Company, the supplier of toluol. The fire was caused by the interaction of the equipment and the chemical. Both defendants were charged with supplying an unreasonably dangerous product without warnings of the danger. The jury returned its verdict in favor of both defendants. Following appeal plaintiffs settled with the Davis Company, so only the appeal from the jury verdict in favor of Nordson is before us.

The sole attack on appeal is directed to defendant's converse instructions to each plaintiff's verdict-directing instruction.[1] The verdict-director (MAI 25.05 modified by 19.01) hypothesized the sale of the product by defendant, that it was unreasonably dangerous when used as anticipated, that defendant failed to give adequate warning of the danger, that the product was used in the anticipated manner and:

"... the sale of the electrostatic paint spraying system without an adequate warning directly caused or directly contributed to cause damage to plaintiff, Jack Abshire."

Nordson utilized a true converse instruction (MAI 33.01, 33.04(4)) which stated:

"Your verdict must be for defendant Nordson Corporation on the claim of plaintiff Jack Abshire, unless you believe said defendant did not give an adequate warning of the danger and as a direct result of such failure, plaintiff Abshire sustained damage."

1. The converse was identical as to each plaintiff so we will discuss the issue only in regard to the plaintiff-husband.

Plaintiffs contend that the utilization of the "direct result" language served to mislead the jury into ignoring the "directly contributed" language of the verdict-director and allowed them to return a verdict for Nordson if they believed Nordson's conduct was not the sole cause of the plaintiff's injuries, even if such conduct contributed to cause those injuries. Their argument basically emanates from MAI 19.01 indicating that in joint tortfeasor cases the "direct result" language in the verdict-director "might be misleading." Because of that a plaintiff, at his option, may use the verdict-director utilized by plaintiffs here.

The author has expressed his opinion concerning whether the utilization of the "direct result" converse is error in a dissenting opinion in *Brickner v. Normandy Osteopathic Hospital Inc.*, 687 S.W.2d 910 (No. 47217) handed down contemporaneously. Both cases having been heard by the same expanded panel on rehearing no useful purpose would be served by restating that opinion. We will assume therefore that the converse as used was erroneous.

We find no prejudice to plaintiffs from the use of that instruction. As pointed out in *Brickner* the instructions in this case included a jury instruction on apportionment of fault and an apportionment of fault verdict-director. These items along with the verdict-directors made it clear that recovery could be had against both defendants. See *Sall v. Ellfeldt*, 662 S.W.2d 517 (Mo.App.1983) [11]. That destroyed any implication that the converse instructions required a sole cause finding.

Judgment affirmed.

DOWD, PUDLOWSKI, SIMON, GAERTNER and KAROHL, JJ., concur.

REINHARD, C.J., dissents.

STEWART, J., dissents in separate opinion.

CRIST, J., dissents & concurs with dissenting opinion.

STEWART, Judge, dissenting.

I respectfully dissent primarily because of my concern that we are steadily destroying the concept of simple mandatory MAI instructions.

We seem to have forgotten the warning taken from the report of the special committee and adopted by the Supreme Court of Missouri in a number of early cases. "If counsel are permitted to 'improve' the approved instructions, even within the confines of specific precedents, the value of these instructions will be lost." *Motsinger v. Queen City Casket Co.*, 408 S.W.2d 857, 860 (Mo.1966); *Hunter v. Norton*, 412 S.W.2d 163, 166 (Mo.1967); *Brown v. St. Louis Public Service Company*, 421 S.W.2d 255, 258 (Mo. banc 1967).

Judge Finch in *Brown* at p. 258 warned against substituting synonyms for the precise language of the pattern instruction. He stated that if variations are made, "but held to be non-prejudicial on the basis the words are synonyms and convey the same meaning, the number of potential variations in all MAI instructions would be limited only by the number of synonyms available."

With these principles in mind we consider the issue presented in this case. The notes on use to MAI 33.03 state that the examples given of converse instructions "are not approved for any particular litigation since the proper language for a converse instruction in any particular litigation depends upon the verdict director being conversed." In other words a proper verdict director becomes the mandatory pattern instruction for the converse.

It has been held that Committee Comments are directive not mandatory. *Sall v. Ellfeldt*, 662 S.W.2d 517, 524 (Mo.App. 1983). Notes on use are commands which must be followed. *Weinbauer v. Berberich*, 610 S.W.2d 674, 680 (Mo.App.1980); *Vest v. City National Bank and Trust Company*, 470 S.W.2d 518, 520 (Mo.1971). With respect to converse instructions it would appear that the notes on use adopted the committee comment and should be followed.

The verdict directing instruction gives all the elements necessary for consideration of the jury. The converse instruction like the human appendix is an unnecessary appendage to the concept of simplified instructions and like its human counterpart it can infect the system. The converse instruction is however well entrenched and will survive. Nevertheless if it is used it should faithfully follow the language of the verdict director.

In the present case the verdict directing instruction required the jury to find that the failure of defendant Nordson to give adequate warning "directly caused or directly contributed to cause damage" to plaintiff. Defendant's converse instruction omitted the words "directly contributed." It read:

> Your verdict must be for defendant Nordson Corporation on the claim of plaintiff Jack Abshire, unless you believe said defendant did not give an adequate warning of the danger and as a direct result of such failure, plaintiff Abshire sustained damage.

Plaintiff here followed the suggestion given in MAI 19.01 because as stated there the phrase "direct result" might be misleading when the verdict directing instruction directs a verdict against one of two or more joint tortfeasors.

The two alternative paragraphs provided in 19.01 are MAI approved paragraphs for use at plaintiff's option where there are two or more joint tortfeasors. The Supreme Court has held the failure of plaintiff to use the 19.01 paragraphs is not error because the "direct result" language places a greater burden upon plaintiff. *Joly v. Wippler*, 449 S.W.2d 565, 569 (Mo.1970).

It should follow that when a plaintiff gives an approved MAI instruction intended to prevent an instruction from misleading a jury, the converse must follow the verdict director. When the converse instruction omits the phrase "or directly contributed to" the instruction places a greater burden upon plaintiff and is prejudicially erroneous. *Joly v. Wippler, supra.*

Although the case of *Snyder v. Chicago Rock Island & Pacific R.R. Co.*, 521 S.W.2d 161 (Mo.App.1973) is a FELA case I believe that it is apropos here. In that case contributory negligence could not defeat plaintiff's claim. Plaintiff was required only to prove that defendant was negligent to some degree. He submitted a proper verdict director that required a finding that the specific negligence of defendant "directly resulted in whole or in part" in damage to plaintiff.

The converse instruction that was given required the jury to find that plaintiff sustained damage "as a direct result of" defendant's negligence.

The court held that the converse instruction was prejudicially erroneous because it imposed upon plaintiff a legal theory of causation different and more burdensome than the theory submitted in the verdict director.

In the case of multiple defendants plaintiff does not have to prove that the defendant against whom the verdict director is submitted directly caused the injury in whole but only that defendant's negligence contributed to cause damage to plaintiff.

The rule that an instruction is not erroneous if when it is read with other instructions correctly declare the law, is not applicable when the instruction is in conflict with the other instructions given in conjunction with it as in this case. *John O'Brien Boiler Works Co. v. Sievert, et al.*, 256 S.W. 555, 557 (Mo.App.1923); *West v. St. Louis Public Service Co.*, 236 S.W.2d 308, 313 (Mo.1951).

As indicated above we are cognizant of the trend away from remand for instructional error. *Fowler v. Park Corporation*, 673 S.W.2d 749 (Mo. banc 1984). The purpose of MAI was to simplify submission to the jury. The simplest and easiest way to avoid retrial for instructional error is to follow MAI. It is improvisation that brings instructional issues to the level of appellate review and requires retrials.

The fact that three cases including the case at bar have come before the Missouri

Court of Appeals in a short period of time on practically the same issue is ample proof of the danger of the present trend. *Sall v. Ellfeldt,* 662 S.W.2d 517 (Mo.App.1983); *Brickner v. Normandy Osteopathic Hospital, Inc.,* 687 S.W.2d 910. It is for the reasons set out herein that I have concurred in the result only in *Brickner.*

The dangers forseen by Judge Finch in *Brown v. Public Service Company, supra,* have descended upon us.

I would reverse and remand for a new trial on this issue.[1]

## ORDER

The en banc opinion issued in this cause on January 22, 1985 supersedes the original opinion of September 4, 1984.