Cynthia J. BRICKNER, and Candace J. Brickner, a minor, By her mother and next friend, Cynthia J. Brickner, Plaintiffs-Respondents,

v.

NORMANDY OSTEOPATHIC HOSPITAL, INC., Defendant-Appellant.

No. 47217.

Missouri Court of Appeals,
Eastern District,
En Banc.

Jan. 22, 1985.

Order Feb. 19, 1985.

Application to Transfer Denied
April 30, 1985.

Mark I. Bronson, St. Louis, for plaintiffs-respondents.

Robert E. Keaney, Judson W. Calkins, Lashly, Caruthers, Baer & Hamel, St. Louis, for defendant-appellant.

SIMON, Judge.

Plaintiffs, the widow and daughter of James Brickner, deceased, brought the present wrongful death action against Normandy Osteopathic Hospital, Inc. (Hospital); David K. Bean, D.O., a family practitioner, J.P. Smith, D.O., who was a resident in general surgery at Hospital, and John C. Olson, D.O., an urologist and surgeon. Plaintiffs alleged that the three doctors committed medical malpractice by failing to diagnose the deceased's testicular cancer and that Hospital was vicariously liable for the alleged negligence of Dr. Smith. Dr. Olson and plaintiffs settled their case before trial for $200,000. Dr. Smith was dismissed from the lawsuit before the case was submitted to the jury. The jury returned a verdict of $1,000,000 for plaintiffs against Dr. Bean, and a verdict in favor of Hospital. The trial court granted plaintiffs' motion for a new trial as to Hospital.

Dr. Bean appealed from the adverse judgment, but he and plaintiffs settled their dispute after the case was submitted to our court and his points relied on need not be considered. Hospital appeals from the trial court's grant of a new trial.

Division Two of this Court affirmed the trial court's grant of a new trial as to Hospital, but modified the order to preclude relitigation of the amount of plaintiffs' damages and remanded the case for a new trial. We then granted Hospital's motion for rehearing. After reconsidering en

banc Hospital's points relied on, we again affirm in part, reverse in part and remand for a new trial.

Hospital contends the trial court erred in: (1) ruling that Hospital's converse instruction was erroneous and (2) failing to restrict the new trial to only a determination of liability.[1]

The trial court granted plaintiffs a new trial as to Hospital because of alleged error in the giving of a converse jury instruction to the verdict directing instruction against Hospital. The verdict directing instruction was MAI 20.01, modified by the first option in MAI 19.01 for acts committed by alleged joint tortfeasors:

### INSTRUCTION NO.___6

Your verdict must be for plaintiffs against defendant Normandy Osteopathic Hospital if you believe:

First, plaintiffs were the spouse and child of James L. Brickner, and

Second, Dr. Smith failed to diagnose testicular cancer, and

Third, Dr. Smith was thereby negligent, and

Fourth, such negligence directly caused or directly contributed to cause the death of James L. Brickner.

The converse instruction conversed the last two elements of the verdict director; however, the converse of the fourth element deviated from the language of the verdict director in that the converse retained the "direct result" language of MAI 20.01 rather than the MAI 19.01 modification:

### INSTRUCTION NO.___7

Your verdict must be for Defendant Normandy Osteopathic Hospital unless you believe J.P. Smith was negligent as submitted in Instruction No.___6___ and as a direct result of such negligence plaintiffs sustained damage.

Hospital admits that its converse instruction does not follow plaintiffs' verdict director. Hospital contends, however, that the converse was proper because the verdict directing instruction itself was erroneously given in that Dr. Bean and Hospital, through Dr. Smith, were not joint tortfeasors. The issue is thus whether the two doctors could be considered joint tortfeasors.

The term joint tortfeasors embraces four distinct types of conduct: (1) concerted action; (2) common duty; (3) vicarious liability; and (4) single, indivisible harm caused by independent, separate, but concurring torts of two or more persons. See *Sall v. Ellfeldt*, 662 S.W.2d 517, 525 Fn. 4 (Mo.App.1983). Here, Dr. Bean and the Hospital, through Dr. Smith, were not acting in concert or under a common duty to plaintiffs' decedent. Nor is Hospital vicariously liable for Dr. Bean's negligence.

Only if Dr. Bean and Hospital committed independent separate, but concurring torts which caused a single, indivisible harm may they be considered joint tortfeasors. That only one harm—the death of plaintiffs' decedent—occurred is beyond dispute. That each physician could independently be charged with negligence in failing to diagnose the decedent's testicular cancer has not been contested.

Missouri law recognizes that where persons whose independent negligent acts coalesce to cause a single indivisible injury, each person may be jointly and severally liable for all the harm caused. *Barlow v. Thornhill*, 537 S.W.2d 412, 418[1] (Mo.banc 1976). Health care practitioners may become joint tortfeasors if their independent acts of malpractice combine to cause a single injury. See *Sall v. Ellfeldt*, 662 S.W.2d at 525 fn. 4. No reason has been advanced against applying general concepts of joint and several liabili-

ty to the field of medicine. Dr. Bean and Hospital are arguably joint tortfeasors, and therefore, plaintiffs' verdict director was correctly modified by MAI 19.01. "A true converse, according to the precepts of MAI 33.01 must submit the proposition of the verdict director in substantially the same language of that instruction." *Sall v. Ellfeldt*, 662 S.W.2d at 524[3–5]. In the present case, the failure of the converse instruction to mirror the verdict director is error.

In *Sall v. Ellfeldt, supra,* the court held that the defendant's erroneous converse instruction, which, as here, departed from the verdict director by failing to take into account the MAI 19.01 modification, was not prejudicial because other instructions, particularly the instructions relating to apportionment of fault between the joint tortfeasor, sufficiently submitted the plaintiffs' theory of joint tortfeasor and dispelled any intimation of sole cause. 662 S.W.2d at 526. We have examined all the instructions given to the jury in the present case, but unlike the court in *Sall v. Ellfeldt,* we are unable to find other instructions which sufficiently instruct the jury regarding joint liability and which dispel the notion of sole cause. No apportionment of fault instructions were given. Given the erroneous converse instruction, which was given in substantially identical form to the verdict director against Dr. Bean, the jury may have been led to believe that they could return a verdict against one of, but not both, the defendants.

The en banc rehearing of the present appeal was accompanied by the simultaneous rehearing of *Abshire v. Nordson Corporation,* 688 S.W.2d 1 (Mo.App. E.D., No. 47561). The present case and *Abshire* were reheard together because of the similarity of the issues presented and a perceived conflict between the two divisions' opinions. *Abshire* is, however, distinguishable on its facts from the present case. There, a jury instruction on apportionment of fault and an apportionment of fault verdict form clearly informed the jury that plaintiffs could recover from both defendants, thus dispelling any intimation by the erroneous converse instruction that recovery could be had against only one defendant. See *Sall v. Ellfeldt, supra.* Here, however, the jury was given no apportionment of fault instructions or verdict forms which may have removed the prejudice caused by the erroneous converse instruction.

■ Deviation from the dictates of MAI is presumptively prejudicial error unless the proponent of the instruction can establish that no prejudice could have resulted from the deviation. *Snyder v. Chicago, Rock Island & Pacific Railroad Co.,* 521 S.W.2d 161, 164[4–8] (Mo.App.1973). Hospital has failed to show how the converse was nonprejudicial.

■ Trial courts are vested with wide discretion in passing upon motions for a new trial. *Union Electric Co. v. Turner,* 446 S.W.2d 430, 433[4, 5] (Mo.App.1969). Reviewing courts will be more liberal in upholding a trial court's grant of a motion for new trial than its denial of the motion. *Id.* at 433–434[6]. We cannot say that the trial court abused its discretion in granting a new trial on the ground that the erroneous converse instruction was prejudicial to plaintiffs.

■ Next, Hospital argues that even if the trial court acted properly in its grant of a new trial, it should have limited the new trial to a determination of the Hospital's liability only. We agree.

In *Wolfe v. Harms,* 413 S.W.2d 204 (Mo. 1967) where a verdict had been returned against all four defendants, but a new trial had been granted as to two defendants, Harms and Kast, the trial court properly ordered the verdict "... held in abeyance until the cause was finally disposed of as to the liability only of Harms and Kast, and then to enter judgment for the amount of the verdict in abeyance against all defend-

ants finally held liable." 413 S.W.2d at 219[30, 31]; see also *Lemonds v. Holmes*, 360 Mo. 626, 229 S.W.2d 691, 694[8] (Mo. banc 1950). The court in *Yarrington v. Lininger*, 327 S.W.2d 104 (Mo.1959), ordered the retrial of the issue of damages where a new trial was granted as to the liability of two of three co-defendants who had been held liable by the first verdict; however, the two defendants whose liability was to be redetermined had also complained that the verdict was excessive. Here, neither plaintiffs nor Hospital have questioned the propriety of the amount of the verdict.

The trial court thus should have held the $1,000,000 verdict against Dr. Bean in abeyance until the cause was finally disposed as to the liability only of Hospital, rather than enter judgment for plaintiffs and against Dr. Bean. Since plaintiffs could have only one satisfaction for the decedent's wrongful death, entry of the judgment on the verdict as to Dr. Bean while granting a new trial as to Hospital poses the possibility that Hospital could be discharged from liability by satisfaction of plaintiffs' judgment against Dr. Bean. See *Payne v. Bertman*, 224 Mo.App. 690, 27 S.W.2d 28 (1930).

One may argue that with the vacation of the judgment against Dr. Bean and his dismissal from the lawsuit, the necessity of limiting the new trial to the issue of Hospital's liability has vanished. For two reasons, we nevertheless consider the better course is to limit the issue at the new trial. First, insofar as is practicable, we desire to put the parties in the position they would have been had no uncorrected trial court error occurred. The only error not corrected by the trial court was its failure to hold the verdict in abeyance. Second, we see no reason why plaintiffs should be allowed to relitigate the issue of damages. Plaintiffs' damages are unrelated to Hospital's liability. In addition, plaintiffs do not complain that the $1,000,000 verdict is inadequate.

In order to allow a new trial of plaintiffs' claim against Hospital and to permit a settlement between plaintiffs and Dr. Bean,

which is exemplified by their covenant not-to-sue and which has already been approved by the trial judge, this court rules as follows: the trial court's order granting a new trial as to Hospital is affirmed in part and reversed in part; the judgment in favor of plaintiffs and against Dr. Bean is vacated; and the causes are remanded to dismiss with prejudice plaintiffs' claim against Dr. Bean, pursuant to the trial judge's order of July 12, 1984, to conduct a new trial as to the liability only of Hospital, and to hold in abeyance the amount of the verdict until the cause is finally disposed of as to the liability only of Hospital, and then to enter judgment for the amount of the verdict in abeyance ($1,000,000) against Hospital, if finally held liable, less the present value of the settlements between plaintiffs and Doctors Olson and Bean.

Judgment affirmed in part, reversed in part, and remanded with directions.

REINHARD, C.J., and PUDLOWSKI and DOWD, JJ., concur.

CRIST, P.J., and STEWART, J., concur in result.

KAROHL, J., dissents.

SMITH and GAERTNER, JJ., dissent in separate opinions.

SMITH, Judge, dissenting.

I respectfully dissent.

In a very recent pronouncement the Supreme Court of this state said:

"Retrials are burdensome. There has been in recent years a trend away from reversal for error in instruction, unless there is a substantial indication of prejudice. This trend appears both in civil and in criminal cases. The very adoption of MAI, indeed, demonstrates confidence that the issues may be presented to juries through argument and that prolix factual instructions are neither necessary nor desirable. Our conclusion is consist-

ent with this observed trend." (Footnotes omitted) *Fowler v. Park Corporation*, 673 S.W.2d 749 (Mo.banc 1984) [14].

I must assume that this admonition applies equally to trial courts confronted with motions for new trial and to appellate courts reviewing the rulings made on those motions. Our deference therefore to the ruling of the trial court granting a new trial comes into play only if there is error in the instruction and substantial indication of prejudice. I find neither here.

MAI 33.01 requires that the true converse be in substantially the same language used in the verdict-director. That precaution is intended to avoid the distortion of the legitimate burden of proof on the issue submitted. *Snyder v. Chicago, Rock Island & Pacific Railroad Co.*, 521 S.W.2d 161 (Mo.App.1973) [9–12]; *Sall v. Ellfeldt*, 662 S.W.2d 517 (Mo.App.1983) [3–5]. The verdict-director and the converse must be read together to determine the meaning to a jury of ordinarily intelligent laymen. *Sall v. Ellfeldt, supra*, [6]. In *Snyder v. Chicago, Rock Island & Pacific Railroad Co., supra*, the court found prejudicial error in the use of "direct result" language in an FELA case. The basis for this finding was that "direct result" requires proof of common law proximate cause rather than the less restrictive FELA "cause in whole or in part." [11, 12] In *Sall v. Ellfeldt, supra*, the court dealt with very nearly the identical question presented by the case before us. The court there found the utilization of the "direct result" language "was not erroneous as a matter of law, caused no unfairness to the plaintiff, and did not materially affect the merits of the action." [11].

I note that plaintiffs' attack is not really to the entire phrase "direct result." The word "directly" was used in the verdict-director so "direct" was substantially the same wording. "Result" as a noun means "something that results as a consequence, effect, issue or conclusion." Websters Third New International Dictionary. "Direct result" is common law proximate cause which it was plaintiffs' burden to prove. *Snyder v. Chicago, Rock Island & Pacific Railroad Co., supra*. The use of that phrase in no way placed any greater burden on plaintiffs or changed their theory of recovery. The identical phrase was, in fact, used in their damage instructions. If defendant's actions directly caused or directly contributed to cause damage to plaintiffs, then that damage was the direct result of defendant's actions. The words used in the converse were synonymous with those used in the verdict-director. I do not find the converse erroneous as violating the "substantially the same" requirement.

I also am unable to conclude that the converse could have confused a reasonably intelligent jury of laymen. I find it incongruous to believe that a reasonably intelligent jury instructed that it could find against the hospital if its negligence "directly caused or directly contributed to cause the death" of Brickner could interpret the "direct result" converse to allow recovery only if the hospital's negligence was the sole cause of death. The majority opinion finds prejudice because the converse implies that a verdict can be returned against the hospital only if it was the sole cause of the death. From this it is reasoned that the jury may have been led to believe that it could return a verdict against one of, but not both, the defendants. If the converse implies sole cause then what it led the jury to believe was that it could not return a verdict against either defendant unless he or it was the sole cause of the death. Exactly the same verdict-directing instruction and converse were submitted as to Dr. Bean. The jury returned a verdict against Dr. Bean. Either the implication of sole cause was not conveyed to the jury by the converse instructions or it concluded that in fact Dr. Bean was the sole cause of the death, thereby freeing the hospital of liability. Whichever alternative is accepted there is no prejudice to plaintiffs. I am unable to accept the majority premise that the jury interpreted the converse as to the hospital to submit sole cause and interpreted the

identical converse as to Dr. Bean to submit contributory fault.

The liability of the hospital here is based upon the alleged negligence of its employee, Dr. Smith. The charge was based upon Dr. Smith's failure to diagnose the cancer and this in turn was based upon his failure to remove the testicle during surgery for pathological examination. Dr. Smith was a resident at the hospital and performed the surgery under the direct supervision of Dr. Olson for whose negligence the hospital was not liable. There was substantial evidence, virtually uncontested, that Dr. Smith had no discretionary authority during the surgery, he did only what he was directed to do by Dr. Olson. Because of the settlement Dr. Olson's possible negligence was never submitted to the jury. Dr. Bean's negligence was in his failure after the operation to discover the continued presence of cancer in the testicle or at least to be aware of that possibility and warn the decedent. In this posture the verdict of the jury is quite rational and in keeping with the evidence submitted to it.

I would reverse the order of the trial court granting plaintiffs a new trial against the hospital and would reinstate the jury verdict.

GAERTNER, Judge, dissenting.

I join in Judge Smith's dissenting opinion with these additional comments.

*Sall v. Ellfeldt,* 662 S.W.2d 517 (Mo.App. 1983), is not authority for finding prejudicial error warranting a new trial because of the converse instruction, even in the absence of additional instructions regarding apportionment of relative fault. In *Sall* the court noted that "the settled principle requires that the verdict-director and the converse instruction be read together to determine the meaning they yield to a jury of ordinarily intelligent laymen: if the submission is legally sufficient by that standard, there is no prejudice." *Id.* at 524–25. The court then pointed out that

when the converse is read together with the verdict-director, especially since the former expressly refers to the latter, it "informs that Sall was entitled to a verdict not only if the Hunt misconduct alone caused the injury, but also if that negligence merely combined with the Ellfeldt acts to cause the injury." *Id.* at 526. However, the court found it unnecessary to decide whether or not "the synthesis of the two instructions palliates any error" because of the additional instructions relating to apportionment of fault between co-defendants.

I am unable to fathom how the majority can read "sole cause" into the words "direct result." They are, in effect, interpreting the word "direct" as meaning "independent." The words are neither synonymous nor connotative of similar concepts. The relationship between cause and result is no less direct because the cause is a combination of result producing factors. In MAI the words "direct" as a modifier of "result" and "directly" as a modifier of "caused" are used to submit to the jury the issue of proximate cause as opposed to intervening or remote cause. It seems to me to be tortuous reasoning to conclude an ordinarily intelligent jury would read "direct result" as excluding the combination of two causes producing a single result. If the language of the converse constituted a departure from the language of the verdict-director, it was not a substantial departure, especially since the former refers to and must be read together with the latter.

Additionally, the deviation, if any, was not prejudicial for, if the interpretation the majority places upon the converse construction is correct, the jury found the negligence of defendant Bean to have been the sole cause of the death of plaintiffs' decedent. The facts in this case completely dispel any such possible misinterpretation by the jury. The acts of Dr. Smith in performing the surgery were totally under the direction and control of Dr. Olson,[1] who had settled with plaintiffs before trial.

---

1. Because defendant Normandy Osteopathic Hospital has not asserted the issue of submissibility, we do not decide whether or not this

evidence insulates the hospital from vicarious liability. *Tractor-Trailer Supply Co. v. Wilbur Waggoner, etc.,* 539 S.W.2d 465 (Mo.App.1976).

Plaintiffs voluntarily dismissed with prejudice as to Dr. Smith before submission. Under these circumstances, the verdict of the jury in favor of the hospital cannot even inferentially be based upon a misconception that plaintiffs' damage could only directly result from the negligence of a single party.

## ORDER

The en banc opinion issued in this cause on January 22, 1985 supersedes the opinion of September 4, 1984.