**Carroll JOHNSON, Plaintiff–Appellant,**

v.

**Charles Darrell BALLARD, Defendant–Respondent.**

**No. 55351.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1989.

Application to Transfer Denied Feb. 13, 1990.

Mark G. Arnold, St. Louis, for plaintiff-appellant.

Gary E. Snodgrass, Michael B. Maguire, St. Louis, for defendant-respondent.

GRIMM, Judge.

In this jury-tried personal injury case, plaintiff appeals from the judgment entered against him. We reverse and remand for a new trial.

Plaintiff raises two points. His first point, however, is dispositive: the trial court erred in giving defendant's converse instruction of plaintiff's verdict director. We agree, because the converse was improper; further, the error was prejudicial.

Plaintiff brought suit seeking recovery for damages he allegedly sustained as a result of an automobile accident. Plaintiff presented evidence that defendant's automobile and an automobile driven by Alcena Halk collided. According to plaintiff's evidence, Halk's automobile then struck plaintiff's parked automobile, causing plaintiff's automobile to hit plaintiff, who was standing near the car.

While plaintiff named Charles Ballard as the sole defendant, he submitted the case to the jury on the theory that defendant was negligent, and that such negligence alone, or combined with Alcena Halk's acts, directly caused plaintiff's damages. Plain-

tiff's verdict director was based on MAI 17.01 [1980 Revision] and MAI 17.05 [1965 New], modified by the second option in MAI 19.01 [1986 Revision] for acts committed by alleged joint tort-feasors:

## INSTRUCTION NO. 7

Your verdict must be for plaintiff if you believe:

First, defendant failed to keep a careful lookout, and

Second, defendant was thereby negligent, and

Third, such negligence either directly caused damage to plaintiff or combined with the acts of Alcenia (sic) Halk to directly cause damage to plaintiff.

Defendant's converse instruction conversed the second and third elements of the verdict director. The converse of the third element, however, deviated from the verdict director. It conversed the "direct result" language of MAI 17.01 [1980 Revision] instead of conversing paragraph Third as submitted with the MAI 19.01 [1986 Revision] modification:

## INSTRUCTION NO. 8

Your verdict must be for defendant unless you believe defendant was negligent as submitted in Instruction Number 7 and as a direct result of such negligence plaintiff sustained damage.

The jury returned a verdict against plaintiff and for defendant. Plaintiff asserts the trial court erred in giving instruction 8, defendant's converse. He argues the converse was improper "because it did not directly converse all of the disjunctive elements of [paragraph] 3 of plaintiff's verdict director."

■ Our holding in *Brickner v. Normandy Osteopathic Hosp., Inc.,* 687

S.W.2d 910 (Mo.App.E.D. banc 1985) is controlling. " 'A true converse, according to the precepts of MAI 33.01 must submit the proposition of the verdict director in substantially the same language of that instruction.' " *Id.* at 913 (quoting *Sall v. Ellfeldt,* 662 S.W.2d 517, 524 (Mo.App.W.D. 1983)). Or, in the words of MAI, "If defendant elects to converse any element which is submitted by the verdict director in the disjunctive, he must converse all such disjunctive elements." MAI 33.01 [1980 Revision] at page 489. Here, as in *Brickner,* error resulted from the failure of the converse to take into account the MAI 19.01 [1986 Revision] modification.

It "is not enough to show erroneous deviation unless prejudice also appears." *Hudson v. Carr,* 668 S.W.2d 68, 71 (Mo. banc 1984). Accordingly, the prejudicial effect of the erroneous converse must be "judicially determined." Rule 70.02(c).* We now turn to the arguments presented to determine the prejudicial effect of the erroneous converse.

The verdict director effectively instructed the jury that plaintiff could recover if his damages were caused by (1) defendant's sole negligence, or (2) defendant's negligence combined with Halk's acts. Plaintiff maintains that the effect of the erroneous converse was to limit his right to recovery, because it conversed the issue of defendant's sole negligence but did not converse plaintiff's joint tort-feasor theory.

Defendant argues that since he was the only defendant in the case, "the jury could not be misled to believe they could return a verdict against one, but not both persons alleged to be at fault...."

Defendant cites *Sall,* 662 S.W.2d 517 and *Abshire v. Nordson Corp.,* 688 S.W.2d 1 (Mo.App.E.D.1985). In *Sall* and *Abshire,* the jury received an instruction on appor-

---

* We recognize numerous cases have stated that a deviation from MAI is presumptively prejudicial. *See* 4 Mo.Dig.2d, Appeal & Error, key number 1031(6). This concept apparently arose in *Brown v. St. Louis Pub. Serv. Co.,* 421 S.W.2d 255, 259 (Mo. banc 1967), and continues to be followed. *Powers v. Ellfeldt,* 768 S.W.2d 142, 145–146 (Mo.App.W.D.1989); *Brickner,* 687 S.W.2d at 913. Confusion exists, however, as to

the viability of the presumption due to recent comments by our Supreme Court regarding the presumption and suggesting a stricter reading of Rule 70.02(c). *Goff v. St. Luke's Hosp.,* 753 S.W.2d 557, 564–565 (Mo. banc 1988); *Hudson,* 668 S.W.2d at 71 (Mo. banc 1984); *Powers,* 768 S.W.2d at 145–146. We need not resolve that issue in order to decide the present case.

tionment of fault between joint tort-feasors. *Sall*, 662 S.W.2d at 526; *Abshire*, 688 S.W.2d at 2. Both *Sall* and *Abshire* held that the additional instructions dispelled the converse instruction's implication that a sole cause finding was required to return a verdict for plaintiff. *Sall*, 662 S.W.2d at 526; *Abshire*, 688 S.W.2d at 2.

■ Here, no additional instructions were given to restate the joint tort-feasor theory or to destroy the erroneous implication created by the converse. Ballard was the only defendant. This fact reinforced the converse instruction's implication that plaintiff could recover against Ballard only if plaintiff was damaged as a direct result of Ballard's sole negligence.

The converse instruction allowed the jury to return a verdict for defendant even if it found damage resulted from defendant's and Halk's concurrent negligence. We conclude that the erroneous converse instruction was prejudicial.

We note that plaintiff also relies on *Points v. Dzur*, 713 S.W.2d 634 (Mo.App.E. D.1986). In assessing the prejudicial effect of an erroneous converse, the *Points* court noted that "[t]hroughout the argument to the jury no reference was made to the converse instructions." *Id.* at 636. Defendant contends *Points* is applicable here, because "no reference was made by Ballard or Johnson to the converse during argument."

Defendant reads *Points* too narrowly. The plaintiff in *Points* failed to object to the erroneous converse at trial, and engaged in "sandbagging." *Id.* at 635. Failure to raise objections to instructions during trial or to request a modification is a factor to be considered in determining whether a variation is prejudicial. *Hudson*, 668 S.W.2d at 71–72. "Sandbagging" is another basis for a finding of non-prejudice. *Points*, 713 S.W.2d at 635.

Here, plaintiff made a timely objection during the instruction conference, specifically pointing out the deficiencies in the converse instruction. There was no "sandbagging." Thus, the additional factors leading to the finding of non-prejudice in *Points* are absent here.

We find prejudicial error in the giving of the converse instruction. The judgment is reversed. The cause is remanded for a new trial.

SATZ, P.J., and SMITH, J., concur.