Wesley GAYNOR, et al.,
Plaintiffs/Appellants,

v.

CIRCLE B TRUCKING, INC., et al.,
Defendants/Respondents.

No. 57422.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Matthew Joseph Padberg, St. Louis, for plaintiffs/appellants.

Donald B. Morin, Clayton, for defendants/respondents.

GRIMM, Judge.

In this personal injury case, the jury found in favor of defendant Circle B Trucking, Inc. Plaintiffs appeal, contending trial

court error in submitting Circle B's converse instruction. We reverse and remand.

## I.

Briefly, the facts disclose plaintiff's vehicle collided with a truck owned and driven by Paul Rhodes. Rhodes had been contacted by Circle B to haul asphalt for another company. That company paid Circle B for Rhodes' trucking, either by the ton hauled or by the hours worked. Circle B retained five percent of that pay for securing the work for Rhodes. It then paid him the balance.

Plaintiffs sued the driver of the car in which they were riding, Rhodes as owner/operator of the truck, and Circle B. Plaintiffs' theory against Circle B was that it was vicariously liable for for Rhodes' negligence because Rhodes was operating his truck within the scope and course of his employment and agency for Circle B. Plaintiffs were awarded damages against their driver and Rhodes; however, the jury found in favor of Circle B.

## II.

 In their sole point on appeal, plaintiffs allege the trial court erred in submitting Circle B's converse instructions on agency because "the instructions did not converse plaintiffs' verdict directors, the instructions improperly conversed a definitional instruction, the instructions improperly defined 'agency' and the instructions deviated from the MAI." We agree.

The verdict directors against Circle B for the three plaintiffs were basically identical. They said:

Your verdict must be for [plaintiff] and against [Circle B] if you believe:

First, [Rhodes] was operating his truck within the scope and course of his agency with [Circle B] at the time of the collision, and

Second, either:

[Rhodes] failed to keep a careful lookout, or

[Rhodes] failed to yield the right-of-way, and

Third, [Rhodes], in any one or more of the respects submitted in paragraph First was thereby negligent, and

Fourth, such negligence either directly caused damage to [plaintiff] or combined with the acts of [the driver of plaintiffs' vehicle] to directly cause damage to Plaintiff.

Plaintiffs submitted an instruction defining agency.

Based on MAI 13.06 [1978 Revision], it said:

Acts were within the "scope and course of agency" as that phrase is used in these instructions if:

1. they were performed by [Rhodes] to serve the business of [Circle B] according to an express or implied agreement with [Circle B], and

2. [Circle B] either controlled or had the right to control the physical conduct of [Rhodes].

Circle B offered, and the trial court gave, a converse which Circle B said was patterned after MAI 13.06 [1980 Revision]. It said:

Your verdict must be for defendant [Circle B] unless you believe [Circle B] either controlled or had the right to control the physical conduct of [Rhodes] in the performance of the undertaking of hauling asphalt.

## III.

The parties are in agreement that the converse given was a "true converse", rather than an "affirmative converse." MAI 33.01 [1980 Revision] instructs us that *verdict directing* instructions may be conversed with a "true converse." In such an instruction, the user is told the instruction should contain "one or more propositions submitted by the verdict directing instruction and in substantially the same language used in the verdict directing instruction."

Later in the comments about "true converse", the user is told "that all of the language of the converse instruction except the preliminary phrase is to be taken from the verdict director." Finally, we observe in these comments the user is told: "The defendant has the option to converse one or more elements of the verdict director."

From MAI 33.01 [1980 Revision], we glean these rules concerning "true converse." First, the converse is of "verdict directing instructions", not other types of

instructions. Second, "one or more propositions" in the verdict director may be conversed. "Propositions" are generally contained in numbered paragraphs of the verdict director. A definition is not a proposition[1], and therefore cannot be conversed. Third, the language of the "true converse" should be "substantially the same language" used in the verdict director. Or, as restated in those comments, the language "is to be taken from the verdict director."

Here, the verdict directors set forth the proposition that Rhodes "was operating his truck within the scope and course of his agency with [Circle B] at the time of the collision." Circle B did not converse "scope and course of his agency." Rather, it "conversed" a definition, something which MAI does not permit.

Further, Circle B's "converse" did not use "substantially the same language" to converse "scope and course of his agency." Instead, it said "controlled or had the right to control the physical conduct of [Rhodes] in the performance of the undertaking of hauling asphalt."

Nor did Circle B's "converse" contain "exactly" a portion of the definition of "scope and course of agency." Cf. *McCarthy v. Cullom*, 634 S.W.2d 494, 496 (Mo. App.E.D.1982). Rather, it added to the portion of the converse taken from paragraph 2 of that definition, the words "in the performance of the undertaking of hauling asphalt."

A "failure of the converse instruction to mirror the verdict director is error." *Brickner v. Normandy Osteopathic Hosp., Inc.*, 687 S.W.2d 910, 913 (Mo.App. E.D. banc 1985). "The giving of an instruction in violation of the provisions of this Rule [70] shall constitute error, its prejudicial effect to be judicially determined." Rule 70.02(c).[2]

Here, the collision occurred while Rhodes was turning into a gasoline station to refuel his truck at his expense. The effect of Circle B's converse was to tell the jury that Rhodes was not, at the time of the collision, acting within the "scope and course of his agency" if it did not believe Circle B either controlled or had the right to control Rhodes' physical conduct "in the performance of the undertaking of hauling asphalt." Since Rhodes was deviating from the regular roadway to get fuel, under the converse instruction, the jury could have believed Circle B did not control or have the right to control Rhodes "in the performance of the undertaking of hauling asphalt" when Rhodes began turning left across the highway to get fuel.

The "converse" instruction was confusing and also conflicts with the properly given definition of "scope and course of agency." The improper converse conceivably narrowed the control or right to control Circle B had by limiting it to "hauling asphalt."

From the foregoing, we conclude Circle B's improper converse was prejudicial to plaintiffs. Whether Rhodes was Circle B's "agent" was a question for the jury. An "agent" does not necessarily cease being such when involved in duties incidental to the employment. *See, e.g.* 53 Am Jur 2d, *Master and Servant*, § 182–185 (1970).

The judgment is reversed and the cause is remanded for a new trial.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. "The definitions are necessary to *interpret* a legal term for a lay jury." MAI, 3d Ed., How to Use This Book, p. XCV. (emphasis added). Definitions are found in MAI at MAI 11.00 to 16.07; verdict directing instructions are found at MAI 17.00 to 31.14.

2. We recognize numerous cases have stated that a deviation from MAI is presumptively prejudicial. *See* 4 Mo.Dig.2d, Appeal & Error, key number 1031(6). This concept apparently arose in *Brown v. St. Louis Pub. Serv. Co.*, 421 S.W.2d 255, 259 (Mo. banc 1967), and continues to be followed. *Powers v. Ellfeldt*, 768 S.W.2d 142, 146 (Mo.App.1989); *Brickner*, 687 S.W.2d at 913. Confusion exists, however, as to the viability of the presumption due to continuing comments by our supreme court regarding the presumption and suggesting a stricter reading of Rule 70.02(c). *Goff v. St. Luke's Hosp.*, 753 S.W.2d 557, 564–65 (Mo. banc 1988).