**Larry G. POINTS, Plaintiff-Appellant,**

**v.**

**James R. DZUR, M.D., and Kirk Bowman, Jr., M.D., Defendants-Respondents.**

**No. 50358.**

Missouri Court of Appeals, Eastern District, Division One.

July 29, 1986.

Mark I. Bronson, St. Louis, for plaintiff-appellant.

Maurice B. Graham, Robin E. Fulton, Fredericktown, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from a verdict and judgment against him in a wrongful death action allegedly arising from medical malpractice. We affirm.

Plaintiff's submitted negligence against both doctors was based upon their failure to provide "necessary and proper care and treatment" for plaintiff's mother's myocardial infarction and cardiac condition. The verdict director additionally charged defendant Dzur with failing to correctly interpret an EKG of plaintiff's mother. The two verdict directors were MAI 19.01 modified to include as the "Fourth" paragraph the language "such negligence directly caused or directly contributed to cause the death of" plaintiff's mother. Both defendants conversed the respective verdict directors by hypothesizing a verdict for the

doctor unless the jury believed that doctor to be negligent and "as a direct result of such negligence" plaintiff's mother died. Neither converse utilized the "directly contributed to" language of the verdict director. In *Brickner v. Normandy Osteopathic Hospital, Inc.,* 687 S.W.2d 910 (Mo. App. en banc 1985) we held such omission from the converse instruction to be reversible error. Defendants admit the converse instructions were, under *Brickner,* erroneous.

Until fairly recently any variation from MAI was deemed to be prejudicial unless the party offering the instruction could demonstrate the absence of prejudice. *Conger v. Queen City Food & Vending, Inc.,* 591 S.W.2d 161 (Mo.App.1979) [1, 2]; *McGowan v. Hoffman,* 609 S.W.2d 160 (Mo.App.1980) [2]. Rule 70.03 provides that objections are not required to be made at the time of trial in order to preserve error for appellate review. This rule and the presumption of prejudice from variations of MAI had led the bench and bar to believe that counsel could safely make no objections at the instruction conference and be fully protected in regard to instructional error on appeal.

This protection began to wane in *Hudson v. Carr,* 668 S.W.2d 68 (Mo. banc 1984) [5] where the court stated:

"Contemporaneous objections to instructions are not required to preserve claims of legal error (Rule 70.03), but failure to raise the issue during trial or to request a modification may be considered in determining whether a variation from MAI is prejudicial. This is especially so when the court gives a text instruction in express terms and the deviation consists in the failure to modify it. If a defect is not readily apparent to alert counsel preparing to argue the case, there is very little likelihood that the jury will be confused or misled. *Counsel should think twice before simply putting perceived deviations from MAI or the Notes On Use into the error bag, instead of asking for a more satis-*

*factory instruction."* (Emphasis supplied).

This concept was more fully articulated in *Fowler v. Park Corporation,* 673 S.W.2d 749 (Mo. banc 1984) [9–14]. The court there set forth a series of considerations for the courts to utilize in determining whether a variation from the mandates of MAI is prejudicial. Included as one basis for a finding of non-prejudice is " 'sandbagging' in which counsel remains silent at the instruction conference in the hope that his opponent will request an erroneous instruction." *Id.* [9, 10]. The result of *Hudson v. Carr, supra,* and *Fowler v. Park Corp., supra,* has been to cast upon the appellate courts the obligation to evaluate the motives and intentions of counsel in utilizing and relying on the language of Rule 70.03. While the continuing viability of Rule 70.03 has been questioned, *Koenig v. Babka,* 682 S.W.2d 96 (Mo.App.1984) [4, 5], we believe the real effect of *Hudson v. Carr* and *Fowler v. Park Corp.* is to reverse the presumption of prejudice from MAI deviations where no objection is raised at trial. This is based upon the reasoning in those cases that if counsel failed to detect the error its prejudicial impact must be minimal, and if counsel noted the error and remained silent he has waived any objection he may have to a correctly instructed jury.

The case before us is a classic example of the waiver or "sandbagging" rule. This case commenced on March 26, 1985 and concluded on March 28, 1985. Counsel for plaintiff was Mark Bronson. *Brickner v. Normandy Osteopathic Hospital* was decided initially by a panel of this court on September 4, 1984, and the case was reversed because of the erroneous converses. *Brickner* was then reheard by an expanded panel of this court and the en banc opinion was handed down January 22, 1985, with the same result. Application to transfer was denied April 30, 1985, and the *Brickner* opinion was initially published on May 28, 1985. Attorney for plaintiff in the *Brickner* case was Mark Bronson.

At the time of the instruction conference, plaintiff's attorney would have received his copy of the *Brickner* opinion pursuant to our mailing procedures. While *Brickner* was not at that time final on appeal, it was certainly persuasive and should have been brought to the court's attention. Counsel were specifically asked at the instruction conference whether they had any objections to the proposed instructions. Defendant's counsel objected to the verdict directing instructions on the basis that they constituted a roving commission and brought to the court's attention a reported case in which he had been counsel. Plaintiff's counsel's response to the court's inquiry was: "Your honor, at this time in accordance with the provisions of the Missouri Supreme Court rules, I reserve the right to make and all objections to any and all of the instructions" (sic). He simply put the deviation held erroneous by this court in *Brickner* into "the error bag." By so doing he waived objection to a properly instructed jury.

Throughout the argument to the jury no reference was made to the converse instructions. Throughout plaintiff's argument he referred only to the negligence of the defendants together, made no attempt in that argument to differentiate between the conduct of the doctors and did not suggest that the jury could or should evaluate the conduct of the defendants individually. The argument sought to impose liability on the defendants as a team. Our concern in *Brickner* was that the converse misled the jury to believe that it could only impose liability against one but not both doctors where their asserted negligence arose independently and separately from different treatment functions. Here the two defendants were lumped into a single unit throughout plaintiff's argument. We cannot conclude that the jury was confused or misled by the converse instructions.

Under the doctrines enunciated in *Hudson v. Carr* and *Fowler v. Park Corp.* and the considerations therein formulated for review of deviations from MAI, we find no prejudicial error in the giving of the converse instructions.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.