Patrick A. DeCLUE, a minor, by Patrick J. DeCLUE, his father and Next Friend, Patrick J. DeClue and Sandra DeClue, Appellants,

v.

Charles MURRELL and Lavonia Murrell, Respondents.

No. WD 37975.

Missouri Court of Appeals, Western District.

Sept. 16, 1986.

Milton B. Garber, Fulton, for appellants.

James W. Gallaher of Bushmann, Neff, Gallaher & Brown, Jefferson City, for respondents.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a civil action seeking recovery of damages for personal injury. The judgment is affirmed.

Appellants present a sole point, which charges the trial court erred in submitting two converse instructions because the language used therein was not substantially

the same as that used in the verdict-directing instructions.

No transcript has been provided, as the parties agree on the facts. In summary, the pertinent facts are as follows:

On May 23, 1982, Patrick A. DeClue, who was six years of age, was playing baseball in respondents' backyard. Patrick, along with other children, was there at the invitation of respondents. At the time of injury, respondents were outside in the yard, along with Patrick's mother who was attending Patrick's one-year-old brother. While playing baseball, Patrick was playing catcher. Another child who was pitching urged Patrick to "scoot" up closer to the batter. Patrick complied. On the next pitch, Patrick was struck in the head with the bat. While the injury was in the eye area, his eye was not injured.

Appellants' theory of the case was negligent supervision. The jury was instructed on two counts to find for appellants if the jury thought that respondents had failed to use ordinary care in supervising Patrick and were thereby negligent. Two converse instructions were given. A comparative fault instruction was also given. Judgment was entered upon the jury's verdict for respondents (defendants). This appeal followed the overruling of timely-filed post-trial motions.

The challenge of appellants goes directly and exclusively to the submission of respondents' two converse instructions. Appellants assert error because the language used in the converse instructions was neither identical nor substantially the same as language used in the verdict-directing instructions.

The instructions in question read as follows:

(verdict-directors:)

### INSTRUCTION NO. 9

Your verdict must be for the plaintiff Patrick A. DeClue, a minor, and you must assess a percentage of fault to the defendants if you believe:

First, the plaintiff Patrick A. DeClue, a minor, was engaged in a baseball game in the defendants' yard and the defendants failed to use ordinary care in the supervision of the plaintiff Patrick A. DeClue, a minor, and

Second, the defendants were thereby negligent, and

Third, as a direct result of such negligence the plaintiff Patrick A. DeClue, a minor, sustained damage.

### INSTRUCTION NO. 14

Your verdict must be for the plaintiffs Patrick J. DeClue and Sandra DeClue and you must assess a percentage of fault to the defendants if you believe:

First, the plaintiff Patrick A. DeClue, a minor, was engaged in a baseball game in the defendants' yard and the defendants failed to use ordinary care in the supervision of the plaintiff Patrick A. DeClue, a minor, and

Second, the defendants were thereby negligent, and

Third, as a direct result of such negligence the plaintiffs Patrick J. DeClue and Sandra DeClue sustained damage. (Converse:)

### INSTRUCTION NO. 11

Your verdict must be for defendants unless you believe defendants failed to properly supervise the plaintiff Patrick A. DeClue.

### INSTRUCTION NO. 16

Your verdict must be for defendants unless you believe defendants failed to properly supervise the plaintiff Patrick A. DeClue.

In summary, appellants assert since it is obvious that the wording of the verdict-directing instructions is not identical to the wording of the converse instructions, the determination which this court faces is whether the phrase "defendant failed to properly supervise ..." (contained in converse instruction) is substantially the same as the phrase "defendants failed to use

ordinary care in the supervision ..." (contained verdict-director).

Appellants also assert that since the term "ordinary care" was defined by a separate instruction, it was error for the trial court not to have also submitted a separate instruction defining the term "properly". Appellants further assert that the court's failure to define the term "properly" placed a higher burden of proof upon appellants.

Appellants provide this court with two examples of the definition of the term "proper" from *Webster's New World Dictionary*, 2nd College Ed. (1980). The two examples offered by appellants are: "specially adapted or suitable to a specific purpose or specific conditions" and "correct". As to the adverb, "properly", appellants quote from the same source, saying that "properly" means "completely" and "thoroughly".

Appellants then conclude that the use of the foregoing definitions are more difficult to prove than the proof of the degree of care that an ordinary, careful, and prudent person would use under the same or similar circumstances. Otherwise stated, appellants assert that the language used in the converse instructions imposed on appellants a burden of proving more than they were required to prove under the law. Appellants insist that the law of negligence does not require them to prove that respondents "completely" or "thoroughly" failed to perform their duty of care.

Appellants further assert the unsatisfactory (and hence erroneous) use of the term "properly" could have been rendered satisfactory only if by a separate instruction the term "properly" had been defined.

In contrast, respondents argue that the term "properly" as used in the converse instructions was "substantially" the same language used in the verdict-directing instructions and thus complied with MAI. *See General Comment*, MAI 33.01, (1981). Respondents offer up the definition of "substantially" from the *Oxford English Dictionary*, (1961).

A reading of the above converse instructions clearly reveals the converse instructions did not use language which was either identical or substantially the same, and this constituted a deviation from MAI.

A deviation from MAI is error and, until recently, it was considered prejudicial error unless the party offering the instruction established any absence of prejudice upon the submission of the instruction. *See Conger v. Queen City Food & Vending, Inc.*, 591 S.W.2d 161, 163 (Mo.App. 1979); and *McGowan v. Hoffman*, 609 S.W.2d 160, 163 (Mo.App.1980). Rule 73.01 does not require objections to instructions at trial in order to preserve the alleged error for appellate review. However, in *Hudson v. Carr*, 668 S.W.2d 68, 71–72 (Mo. banc 1984), the Missouri Supreme Court declared that "contemporaneous objections to instructions are not required to preserve claims of legal error (Rule 73.03), but failure to raise the issue during trial or to request a modification may be considered in determining whether a variation from MAI is prejudicial."

In a later decision, *Fowler v. Park Corporation*, 673 S.W.2d 749 (Mo. banc 1984), the Missouri Supreme Court prescribed considerations to be applied to determine if a deviation was prejudicial. Further, the directive of Rule 70.03, as its application has been affected by prior to *Hudson* and *Fowler, supra*, has been seriously questioned. *Koenig v. Babka*, 682 S.W.2d 96, 99 (Mo.App.1984). More recently, *Hudson* and *Fowler* have been interpreted to mean the rebuttal of "the presumption of prejudice from MAI deviations where no objection is raised at trial." *Points v. Dzur*, 713 S.W.2d 634 (Mo.App.1986). The rationale set forth in *Points* was "in those cases that if counsel failed to detect the error its prejudicial impact must be minimal, and if counsel noted the error and remained silent, he has waived any objection he may have to a correctly instructed jury." The *Points* case is noted in a more recent decision of this court. *See Hamilton Hauling, Inc. v. GAF Corporation*, 719 S.W.2d 841 (Mo.App.1986).

**240**

The present case is disposed of under the ruling set forth in *Points, supra.* As noted above, there is no record before this court and there is no disclosure of any timely objection by appellant to the converse instructions. In the absence of any objection being disclosed, this case can be dispensed with under either of the two alternative reasons disclosed in *Points* (i.e., either the error was harmless or there was a waiver). No objection being shown, it is held herein that appellant has waived any objection to the converse instructions. *Points, supra.*

One more point needs to be addressed. Appellants assert that the trial court erred in not submitting a separate definition instruction defining the word "properly". The record shows no request for such definition instruction by appellants. Appellants' failure to request such an instruction prevents them from complaining of such omission on appeal. *Smith v. Wells*, 326 Mo. 525, 31 S.W.2d 1014, 1022 (1930). In addition, as noted above, this court has concluded that the term "properly" is a word of common usage. Such words or terms do not require a definition if a definition is not requested. *Marshall v. Edlin*, 690 S.W.2d 477, 481 (Mo.App.1985).

The trial court herein committed no error in the submission of the converse instructions. The judgment is in all respects affirmed.

All concur.