John TURNER, Plaintiff–Appellant,

v.

NORFOLK & WESTERN RAILWAY
CO., Defendant–Respondent.

No. WD 41640.

Missouri Court of Appeals,
Western District.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 27, 1990.

Application to Transfer Denied
April 17, 1990.

**570**

John Wray Kurtz, Popham, Conway, Sweeny, Fremont & Bundschu, Kansas City, for plaintiff-appellant.

John F. Murphy, George E. Wolf, Shook, Hardy & Bacon, Kansas City, for defendant-respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

TURNAGE, Judge.

John Turner sought damages from the Norfolk & Western Railway Co. under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq.  The court entered judgment on the jury verdict in favor of N & W. Turner contends the court erred in a number of respects concerning the admission and exclusion of evidence and the giving and refusal of instructions.  Affirmed.

Turner went to work for N & W in 1969 and in 1977 began work in the roundhouse in North Kansas City.  Turner's complaint was that the roundhouse was noisy and as a result he suffered noise-induced hearing loss.

Turner went to a physician in 1983 who gave his opinion that Turner had hearing loss which he felt resulted in part from his working in a noisy environment.

The same physician examined Turner in 1985 and found that his hearing loss had worsened somewhat. The physician suggested very strongly that Turner use hearing protection around any loud noises.

During 1985 and 1986 Turner negotiated with a claims agent for the N & W concerning his hearing loss. There was a dispute in the evidence as to whether the claims agent told Turner that N & W would extend the three year statute of limitations. Turner retained an attorney and this suit was filed a few days after the statute of limitations had run.

Evidence at trial indicated that exposure to an eight-hour time-weighted average of less than 80 decibel (dBA) is not considered hazardous to hearing. The evidence further indicated that a person exposed to an eight-hour time-weighted average of 90 dBA should use hearing protection. OSHA regulations are consistent with the evidence concerning time-weighted average noise levels.

N & W performed a noise level test at the North Kansas City roundhouse for a period of eight hours which revealed that the time-weighted average noise level was 78.7 dBA.

Turner first contends that the court erred in giving Instruction No. 4 which is MAI 24.01 (1981 Revision) with the paragraph provided in Notes On Use, note 2 included. Instruction No. 4 was as follows:

Your verdict must be for plaintiff if you believe:

First, defendant either failed to provide:

reasonable safe conditions for work, or

reasonably safe appliances, and

Second, defendant in any one or more of the respects submitted in Paragraph First was negligent, and

Third, defendant knew or by using ordinary care should have known of such condition, and that such condition was reasonably likely to cause substantial harm, and

Fourth, such negligence resulted in whole or in part in injury to plaintiff.

Unless you believe plaintiff is not entitled to recover by reason of Instruction Number 5.

Turner contends it was error to include paragraph third because the instruction submitted that N & W failed to provide reasonable safe conditions for work or reasonably safe appliances and that these are two of the specifications of negligence listed in MAI 24.01. Turner contends that since he used two of the specifications of negligence contained in the pattern instruction that paragraph third should not have been added. Notes On Use, note 2 states that if some act of negligence is submitted, of which constructive knowledge is not chargeable to the railroad, paragraph third in the instruction shall be added. In *Foltz v. Burlington Northern R. Co.*, 689 S.W.2d 710, 715[1] (Mo.App.1985), this court considered the notes on use to 24.01 and stated:

Implicit in the notes on use explanation as to when the additional instruction is required is the idea that the judge must decide whether the plaintiff has presented sufficient evidence to justify not submitting the issue to the jury.

In order to leave paragraph third out of the instruction the trial judge was required to find that Turner had presented sufficient evidence that N & W knew, or should have known, of the danger of hearing loss to those persons working in the North Kansas City roundhouse.

"Negligence within the meaning of FELA attaches if the employer knew or by the exercise of due care should have known that its standard of conduct is inadequate to protect its employees." *Ball v. Burlington Northern R. Co.*, 672 S.W.2d 358, 361[3, 4] (Mo.App.1984). The noise level which may produce hearing loss is not a matter of common knowledge, therefore Turner had the burden of proof to show that in the exercise of due care N & W should have known that the noise level in the North Kansas City roundhouse could cause hearing loss to employees working there. *Evinger v. Thompson*, 364 Mo. 658, 265 S.W.2d 726, 731[3, 4] (1954).

■ Based on the uncontroverted evidence that the eight-hour time-weighted noise level was 78.7 dBA in the roundhouse and that it was necessary for the level to reach 85 dBA before any danger of hearing loss was present, it is apparent that Turner failed to prove that N & W had actual or constructive notice of the danger to the hearing of its workers in the North Kansas City roundhouse.

Turner argues that because the failure to provide safe conditions for work is a ground of recovery in MAI 24.01 there is no occasion to submit the constructive knowledge element in paragraph third of Instruction No. 4. Turner contends that any time safe conditions, or any of the other specifications of 24.01, are submitted it is never proper to add paragraph third. As *Foltz* points out, it is implicit in the notes on use that in every case the trial judge must decide whether the plaintiff has proven that the railroad had actual or constructive notice of the cause of the injury. The specification of "safe conditions for work" is broad enough to cover any cause of injury which was present in the workplace. Obviously some conditions which cause injury will be so apparent that it can only be said that the railroad knew or should have known of the condition. But there will be conditions of work which may produce injury which cannot be said to be so apparent as to impart notice to the railroad. In *Evinger* the court held that the harmful characteristics of the chromium compound was not a matter of common knowledge and plaintiff had the burden to show that in the exercise of due care defendant should have known that chromium was harmful. While it may be said that it is a matter of common knowledge that loud noise may be harmful to hearing, it cannot be said that the dBA level which may cause injury to hearing is commonly known.

■ Under *Evinger* the question is whether the cause of injury can be said to be commonly known as one that may cause the injury shown. If the condition does not meet that test, plaintiff bears the burden of proof to show that the railroad knew or should have known the condition was capable of producing injury, even if it is included in one of the specifications of negligence included in MAI 24.01. Since Turner failed to prove the level or duration of noise which may cause injury, it was necessary for the court to include paragraph third in Instruction No. 4.

■ Turner next contends the court erred in sustaining an objection to a question on cross-examination to Paul Henson who was the manager of Hazardous Material Protection for N & W and whose duties included hearing protection for employees. Henson was asked if N & W was aware that noise was a problem in the railroad industry before 1966. N & W objected on the ground that no foundation had been made laid for the question. From the discussion of counsel with the court following the objection, it is apparent that N & W was anticipating that counsel was going to get into Exhibit 36 which was a report of the meeting of medical and surgical officials of the Association of American Railroads held in 1966. The witness could have answered the question based on his own knowledge without reference to Exhibit 36. The question did not involve Exhibit 36. Nevertheless, the court sustained the objection. However, a short time later Henson stated he had never seen the report before. That was the extent of the inquiry concerning Exhibit 36 by Turner's counsel.

Exhibit 36 was marked but counsel for Turner never offered the same into evidence. In his argument Turner contends that he was denied the opportunity to cross-examine Henson about the proceedings of the 1966 meeting. Turner was allowed to examine Henson about his knowledge of the report and determine that Henson had never seen the report. Turner was allowed to inquire as fully as he desired about Exhibit 36. No denial of the opportunity to cross-examine Henson is shown. Turner further argues that the report should have been admitted in evidence, but as noted, Exhibit 36 was never offered in evidence. No error appears.

■ Turner contends the court erred in sustaining a motion in limine which prohibited Turner from commenting on the fail-

ure of N & W to call one of its experts, Dr. Knox. Turner contends the failure to call Dr. Knox confirmed Turner's injury. The only testimony Dr. Knox would have given would have concerned Turner's injury which in turn would bear only upon the amount of damages the jury might award. Since the jury never reached the issue of damages any error was harmless. *Guthrie v. Missouri Methodist Hospital*, 706 S.W.2d 938, 943[7, 8] (Mo.App.1986).

■ Turner contends the court should have set aside the verdict and awarded a new trial because the verdict in favor of N & W is not supported by substantial evidence. In *Bloch v. Kinder*, 338 Mo. 1099, 93 S.W.2d 932[1–4] (1936), it was held that a verdict for a defendant need not be supported by substantial evidence tending to show defendant was not guilty of negligence because the burden is on plaintiff to show that the defendant was negligent. Failure of proof by the plaintiff of defendant's negligence would authorize a verdict for the defendant. The court further held that even if plaintiff's evidence tended to show the defendant's negligence, the credibility of such evidence and the weight and value which should be given to it was a question for the jury. The court further held that an appellate court cannot set aside a verdict on the ground that it is against the weight of the evidence because an appellate court is not authorized to pass upon the weight of the evidence. Thus the verdict in this case need not be supported by evidence because Turner had the burden of proof and the credibility and weight of his evidence was for the jury.

■ Turner contends the court erred by refusing to submit a proffered instruction which stated that the railroad has the undelegable duty to provide its employees with a safe place to work. It will be noted that the verdict director submitted the failure of N & W to provide a safe place to work as a basis for a verdict against the railroad. Thus the question of whether N & W had provided a safe place to work was submitted to the jury. Beyond that, Turner's instruction was an abstract statement of law which required no finding by the jury. Such abstract statement does not make a proper jury instruction. *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439, 446[5, 6] (Mo.App.1986). Thus it was not error to refuse the offered instruction.

■ Turner also contends the court erred by refusing an instruction in the form of MAI 34.04 (1978 Revision) which was a withdrawal instruction to inform the jury that Turner did not assume any of the risks of his employment. Turner contends N & W injected the issue of assumption of risk when it cross-examined Turner about his choice not to use hearing protection made available by N & W. In *White v. St. Louis–San Francisco Ry. Co.*, 539 S.W.2d 565, 570 (Mo.App.1976), the court stated "an employee is contributorily negligent when he fails to use those precautions for his own safety, which ordinary prudence requires." N & W had the burden to prove that Turner was contributorily negligent and one method it pursued in carrying that burden was to show that Turner chose not to use hearing protection when it was offered by N & W. Such proof went to contributory negligence and not to assumption of risk, and for that reason the court properly refused to give the offered instruction.

Turner contends the court erred in giving Instruction No. 5 and refusing two of his instructions. Instruction No. 5 authorized a verdict for N & W if Turner knew or should have known more than three years before the commencement of his suit of his hearing loss and that his workplace caused such loss, unless the jury found that N & W had waived the statute of limitations. This instruction submitted the claim of Turner that the claims agent of N & W had misled him into believing that N & W would extend the statute of limitations. Turner contends this instruction failed to properly present to the jury the acts of the claims agent which he contended wrongfully lulled him into a false sense of security and which estopped N & W from raising the defense of the statute of limitation. There is no question that a railroad may deal with an employee in such fashion that it may be estopped from raising the de-

fense of the statute of limitation. The acts of the claims agent in this case was a matter of dispute as to what the agent had told Turner concerning whether N & W would extend the statute of limitation. As can be readily imagined, Turner testified the agent told him that N & W would extend the statute, and the agent denied that he had made such statement.

 Instruction No. 5 submitted the ultimate issue in the manner required by MAI. The parties properly argued their respective position on the question of the acts of the agent. Thus the jury was fully informed about the evidence each party contended supported its position under the instruction. The instruction did not submit evidentiary detail but left that to argument of counsel and was couched in simple and concise language. That meets the requirement of MAI. *Kraus v. Kraus*, 693 S.W.2d 869, 873[6–8] (Mo.App.1985).

Turner's principal objection to Instruction No. 5 is the failure to define the word "waived." In *Henson v. Jasinsky*, 251 S.W.2d 601, 603[1] (Mo.1952), the court held that it was the duty of a party who contends that a word needs definition to offer an instruction containing a definition of such term. In *DeClue by DeClue v. Murrell*, 717 S.W.2d 237, 240[4, 5] (Mo.App. 1986), this court held that the failure to request an instruction defining the word prevents a party from complaining on appeal of the failure to define a word in an instruction.

Turner did not submit an instruction defining the word "waived" and he is thereby precluded from complaining at this stage of the failure of the court to define that word in the instruction.

Turner further complains that the court erred in failing to give his two instructions which utilize such language as "lulled plaintiff into a false sense of security" and "misled plaintiff into a false sense of security." Rule 70.02(e) requires instructions not in MAI to be simple, brief, impartial, and free from argument. Turner's instructions did not meet that criteria and were therefore properly refused.

Turner further contends that the court erred in sustaining an objection to a portion of his final argument concerning the amount of damages which the jury should have awarded. Since the argument pertains to damages and the jury never reached that issue, any error was harmless. *Guthrie*, at 706 S.W.2d 923[8].

The judgment is affirmed.

All concur.